JOHN L. FINK, *against* COX, Executor of A. FINK.

THIS was an action of *assumpsit*, brought to recover the amount of a promissory note, given by the testator, *Alexander Fink,* to his son, the plaintiff. The note, which was proved by the subscribing witness, was as follows: " *New-York,* 30th *July,* 1816. Sixty days after date, I promise to pay *John L. Fink,* or order, one thousand dollars, value received. *Alexander + Fink.*" The testator, at the time he gave the note to the plaintiff, declared that he gave it to him absolutely, and observed that the plaintiff was not so wealthy as his brother; and that the plaintiff and his brother had had a controversy about a stall, &c., which were the reasons for his giving the note to the plaintiff. There was no actual consideration for the note; and the witness understood it to be a gift from the testator to his son.

The defendant gave in evidence the will of the testator, by which he devised all his personal estate to his sons, including the plaintiff, in equal proportions; and after a devise to his daughter of a house and lot, the residue of his real estate was given to his executors in trust, to sell the same, and divide the proceeds equally among his children. The defendant also gave in evidence the plaintiff's answer to a bill in Chancery, for a discovery filed by the executor, in which he stated that the note was freely given to him by the testator, and was founded on the consideration of natural love and affection.

The cause was tried at the *New-York* sittings, in *June,* 1818, when a verdict was found for the plaintiff, for $1,129 and 30 cents, subject to the opinion of the Court, on a case containing the above facts.

*Van Wyck,* for the plaintiff. 1. This was an absolute gift from the testator to the plaintiff, not merely of a written

*[Marginal note:]* A father from affection merely gave to his son, a promissory note for 1,000 dollars, payable to him or order, 60 days after date. In an action of assumpsit, brought by the son against the executor of his father, to recover the amount of the note, it was *held,* that the action could not be maintained: for it was not a *donatio causâ mortis* nor a valid gift of so much *money,* but a mere promise to give; and *blood* or natural affection is not a sufficient *consideration* to support a simple executory contract.

paper, but of the value in money, or the fruits and effects of the note, acknowledging the value received. A *chose in action* is the subject of a valid gift. (*Atk.* 214.) The plaintiff might have negotiated the note for the amount, which the defendant would have been obliged to pay. The plaintiff had a property in the note, and might have brought trover for it. ( 2 *P. Wms.* 204. 1 *P. W.* 441. 2 *Leo.* 111. *Cro. Eliz.* 159. 2 *Str.* 955. 2 *Caines,* 246. per *Livingston, J.* 3 *Caines, Rep.* 279. *Chitty on Bills,* 90. 2 *Vesey, jun.* 111. 120. 122. 22 *Viner Abr,* 193. *pl.* 3.) In *Grangiac* v. *Arden,* (10 *Johns. Rep.* 293.) where a father gave to his daughter a lottery ticket, which drew a prize, and the father afterwards said, he had given that ticket to his daughter and the prize money was hers; it was held sufficient to support an action of *assumpsit* by the daughter, against her father, for the amount of the prize money which he had received.

2. Blood or natural affection, among near relations, is a *good* consideration; and is sufficient to support a contract against all persons, except creditors and *bona fide* purchasers. (2 *Bl. Com.* 444. *Plowden,* 305.)

*Slosson,* contra. 1. No doubt, the note, or slip of paper on which the testator's promise was written, was given to the plaintiff; and to that extent, it was a gift. But the object intended was *money*, not paper ; and it is essential to a valid gift, that the identical thing intended to be given, should be actually delivered. In *Grangiac* v. *Arden,* the lottery ticket was the means of obtaining the prize money from third persons. So, if the testator had delivered to the plaintiff the note of a stranger, it would have been a valid gift, for it was transferring the power to obtain the money. But here was a gift merely of a written promise to pay money at a future day. In *Noble* v. *Smith,* (2 *Johns. Rep.* 52.) this Court held that an actual and immediate delivery of the thing was essential to a valid gift ; for it is not consummate and perfect until a delivery of the thing promised ; and until then, the party may revoke his promise. ( 7 *Johns. Rep.* 26.)

2. In *Pearson* v. *Pearson,* (7 *Johns. Rep.* 26.) and *Schoonmaker* v. *Roosa,* (17 *Johns. Rep.* 301.) it was decided that

as between the original parties to a promissory note, the consideration might be inquired into, and if there is no consideration for the promise, it is a *nudum pactum*, and cannot be enforced at law. Suppose the plaintiff had sued his father, in his life time, on this note, could he have maintained the action, on the consideration of natural love and affection? Suppose a *parol* promise by a father to his son, before witnesses, to give him a sum of money, can *assumpsit* be supported on such a promise? (*Rann* v. *Hughes*, 7 *Term Rep.* 350. n.) In *Tate* v. *Hilbert*, (2 *Vesey, jun.* 111.) which was the case of a gift of a *check* on a banker, and a promissory note; the question was, whether it was to be considered as a *donatio causa mortis*, and the chancellor, who held it not to be a gift of that description, doubted whether an action at law would lie against the executor, on the note, for want of consideration; and if not, there could be no relief in equity. (*Thorn* v. *Deas*, 4 *Johns. Rep.* 84.)

*T. A. Emmet.* This was not a *donatio causa mortis*, though intended to be so: and if the action cannot be supported on the note, the testator's intention will be defeated. By giving a note payable to order, he meant that his son should have full power to convert it into money, by negotiating it. If a *moral* obligation will support an express promise, why should not natural love and affection support such a promise? Why is a moral obligation a sufficient consideration to support an express promise? It is not money or value. It is, because it is just and right that such a promise should be supported. Again; a consideration beneficial to one, or injurious to the other, is sufficient. *Blackstone,* (2 *Bl. Com.* 444.) says, the satisfaction arising from natural affection, is equivalent to a benefit. The distinction between a *good* and a *valuable* consideration, has grown out of the statute of *uses* and the statute of *frauds.* Independent of those statutes, there is no ground for any such distinction. A *good,* as well as a valuable consideration, prevents the contract from becoming a *nudum pactum,* which is a contract without any consideration whatever. *Plowden* says, that "a consideration proceeding from na-

ALBANY,
August, 1820.

FINK
v.
COX.

ture, is a sufficient consideration in our law ;" and a contract founded upon such a consideration, cannot be a *nudum pactum*. Why is natural affection a sufficient consideration to support a covenant to stand seised to uses ? It is because, that before the statute of uses, it would have been sufficient to raise an use. If *blood* or natural affection is sufficient consideration to raise an use, in regard to land, because it is not a *donum gratuitum*, why is it not sufficient to support a promise to pay money ?

SPENCER, Ch. J. delivered the opinion of the Court. The question in this case is, whether there is a sufficient consideration for the note on which this suit is founded. It appears from the declaration of the testator when the note was given, that he intended it as an absolute gift to his son, the plaintiff; alleging that the plaintiff was not so wealthy as his brothers, that he had met with losses, and that he and his brothers had had a controversy about a stall. Such were the reasons assigned for his giving the note to the plaintiff.

There can be no doubt that a consideration is necessary to uphold the promise, and that it is competent for the defendant to show that there was no consideration. (17 *Johns. Rep.* 301. *Schoonmaker* v. *Roosa and De Witt.*) The only consideration pretended, is that of natural love and affection from a father to a child, and if that is a sufficient consideration, the plaintiff is entitled to recover, otherwise not.

It is conceded, that the gift, in this case, is not a *donatio causa mortis,* and cannot be supported on that ground. In *Pearson* v. *Pearson*, (7 *Johns. Rep.* 26.) the question was, whether the gift of a note signed by the defendant to the plaintiff was such a vested gift, though without consideration, as to be valid in law; we held that it was not, and that a parol promise to pay money, as a gift, was no more a ground of action, than a promise to deliver a chattel as a gift; and we referred to the case of *Noble* v. *Smith*, (2 *Johns. Rep.* 52.) where the question underwent a full discussion and consideration. The case of *Grangiac* v. *Arden*, (10 *Johns. Rep.* 293.) was decided on the principle, that the

gift of the ticket had been completed by delivery of posses-
sion, and is in perfect accordance with the former cases.

It has been strongly insisted, that the note in the present
case, although intended as a gift, can be enforced on the
consideration of blood. It is, undoubtedly, a fair presump-
tion, that the testator's inducement to give the note sprang
from parental regard. The consideration of blood, or na-
tural love and affection, is sufficient in a deed, against all per-
sons but creditors and *bona fide* purchasers ; and yet there
is no case where a personal action has been founded on an
executory contract, where a consideration was necessary, in
which the consideration of blood, or natural love and affec-
tion. has been held sufficient. In such a case, the conside-
ration must be a valuable one, for the benefit of the pro-
misor, or to the trouble, loss, or prejudice of the promisee.
The note here manifested a mere intention to give the one
thousand dollars. It was executory, and the promisor had
a *locus pœnitentiæ.* It was an engagement to give, and not a
gift. None of the cases cited by the plaintiff's counsel
maintain the position, that because a parent, from love and
natural affection, engages to give his son money, or a chat-
tel, that such a promise can be enforced at law.

Judgment for the defendant.