HIRAM W. BROOKS *vs.* WILLARD DALRYMPLE & others.

If a married woman who has joined in several deeds of her own estate, by her husband's request, and allowed him to keep the money received therefor, afterwards joins in another similar deed, in consideration of his executing to their daughter a note and mortgage for a larger sum than the amount received for the last conveyance, the mortgage will be valid, in the absence of any fraudulent intent in either of the parties to it.

CHAPMAN, J.* The defendant Dalrymple was the assignee of a mortgage of certain real estate which was made by Hiram Brooks, the plaintiff's father, to one Cummings, and was assigned by Cummings to Dalrymple. Default of payment having occurred, Dalrymple sold the real estate under a power of sale contained in the mortgage, and, after satisfying the amount due on the mortgage, with all incidental charges, there remains in his hands a balance of $3375.34. The object of this suit in equity is to recover this balance. The plaintiff claims the

_____

* HOAR, J. did not sit in this case.

balance as assignee of a second mortgage of the land, which was made by Hiram Brooks to the plaintiff's sister, Caroline L. Brooks, and was assigned by her to the plaintiff. It was made June 30th 1856, to secure a note of $2000.

One of the defendants, Bright, contends that most of the money belongs to him and not to the plaintiff. He says the mortgage to Caroline L. Brooks was without consideration, and was fraudulent as to the creditors of her father; and that after it was made, namely, October 15th 1857, Hiram Brooks made a mortgage of the land to him, to secure the amount of a note given by Brooks to him at that date for $2000; so that his claim accrued a considerable time after the execution of the mortgage to Caroline L. Brooks, and the mortgage to Bright is expressly made subject to prior mortgages.

Dalrymple and Swallow also say that the mortgage to Caroline L. Brooks is fraudulent and without consideration, and they claim that the balance, after paying Bright's mortgage, belongs to them. One Brown obtained a judgment against Hiram Brooks, upon which execution was issued, and on the 8th of March 1864 the equity of redemption was sold to Swallow on this execution, he bidding it off at the request of Dalrymple, and for his benefit.

The controversy in the case relates, then, to the validity of the mortgage of Caroline L. Brooks; for if that mortgage is valid, the plaintiff is entitled to recover. The mortgage was made under the following circumstances. The wife of Hiram Brooks had owned considerable real estate. He had sold several parcels, and she had joined him in the conveyances, permitting him to receive the avails. He desired to sell another parcel to Fifield and Hamblett. But she refused to join in the conveyance unless he would make some provision for their only daughter Caroline. She had already joined in the mortgage of their dwelling-house to Cummings, and it was agreed that her husband should give to Caroline a note for $2000, and secure it by a second mortgage on the dwelling-house. This was done, and the wife executed the deed to Fifield and Hamblett. It does not appear that Hiram Brooks was influenced by any other

motive than to procure his wife's signature to the deed to Fifield and Hamblett. Creditors were not spoken of, and apparently were not thought of. None appear to have been defrauded, nor does it appear that there were any who were in danger of being defrauded. Nor was the note or mortgage without consideration. The value of the land conveyed by the wife to Fifield and Hamblett was not discussed; and, if creditors were not defrauded, the wife had a right to fix the terms on which she would execute the deed. As between the parties the consideration was sufficient, though the land might not be actually worth more than $779.40, the price which Fifield and Hamblett paid for it. Even a voluntary conveyance which is not fraudulent against existing creditors when it is made, is good against subsequent creditors. *Thacher* v. *Phinney*, 7 Allen, 146. *Lerow* v. *Wilmarth*, 9 Allen, 382. Certainly this conveyance is good, then, as against these defendants. *Decree for the plaintiff.*

*T. H. Sweetser & C. Robinson, Jr.*, for the defendants, cited *Doe* v. *Rusham*, 17 Q. B. 723; *Buckle* v. *Mitchell*, 18 Ves. 100, 110; *Turner* v. *Nye*, 7 Allen, 176; *Doe* v. *Manning*, 9 East, 59, 65; *Fink* v. *Cox*, 18 Johns. 145; 1 Story on Eq. §§ 352, 372, 2 Ib. § 793.

*C. T. Russell & T. H. Russell*, for the plaintiff.