LEWIS ROBERTS, Respondent, *v.* EDWARD B. COBB, as Executor, etc., Appellant.

The pastor of a church upon whose property was a mortgage of $15,000, requested B., defendant's testatrix, to make a contribution to help pay off the mortgage; she promised to contribute $2,500 if he would secure pledges for the balance. H. promised to make the effort; he did so and was successful in securing pledges for the amount required. B. thereupon gave to him her promissory note, payable to the trustees of the church for $2,500, which note he delivered to the trustees. In an action upon the note, *held,* that H. was to be regarded as having acted as agent for the church, and his promise was that of the church; that it having performed the condition, her promise became obligatory, and the note was based upon a good consideration.

*It seems* the same result would follow if it should be conceded that H. acted not for the church, but for himself, intending to present the money subsequently to the church.

(Argued November 21, 1886; decided December 7, 1886.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 8, 1886, which affirmed a judgment entered upon a verdict directed by the court.

This action was upon a promissory note executed by Abby C. Barker, defendant's testator, payable to the trustees of the First Baptist Church of Tarrytown, or order, for the sum of $2,500, which note was assigned and transferred by said trustees to the plaintiff.

The material facts are stated in the opinion.

*James M. Smith* for appellant. There was no consideration for the promise of defendant's testatrix and it cannot be enforced. (*Merrill* v. *Green,* 55 N. Y. 273 ; *Allen* v. *Perine,* 12 id. 25 ; *Am. Academy* v. *Cowles,* 6 Pick. 427 ; *Trustees, etc.,* v. *Gilbert,* 2 id. 579 ; *Trustees, etc.,* v. *Stewart,* 1 N.Y. 582 ; *Sands* v. *Crooke,* 46 id. 570 ; 1 Pars. on Cont. [5th ed.] 452, notes ; *Phelps* v. *Pind,* 23 N. Y. 78.) The plaintiff is not a *bona fide* holder of the note. (*Rumsey* v. *Leek,* 5 Wend. 20, 22 ; *White* v. *Kibling,* 11 id. 128 ; *Whalan* v. *Whalan,* 3 Cow.

Statement of case.

577, 578 ; *Weetjen* v. *St. P. & P. R. R. Co.*, 4 Hun, 529 ; *Gillet* v. *Phillips*, 13 N. Y. 117 ; *Welch* v. *Sage*, 47 id. 143.)

*Henry C. Griffin* for respondent. There was a good and valid consideration for the note. . (*Trustees, etc.*, v. *Hardenburgh*, 48 How. 414 ; *Willetts* v. *Sun Mut. Ins. Co.*, 45 N. Y. 45, 47 ; *Trustees, etc.*, v. *Stewart*, 1 id. 581 ; *Bort* v. *Snell*, 39 Hun, 388 ; *Darrow* v. *Walker*, 48 Supr. 6, 10, 11 ; *Harden* v. *Buddensick*, 4 Hun, 649 ; *Barnes* v. *Perine*, 12 N. Y. 18, 29 ; *Hurd* v. *Greene*, 17 Hun, 327, 333 ; *Todd* v. *Weber*, 95 N. Y. 181, 191 ; *Miller* v. *McKensie*, 95 id. 575, 579 ; *Beckwith* v. *Bracket*, 97 id. 52, 55 ; *L'Amoreaux* v. *Gould*, 7 id. 349 ; *Marie* v. *Garrison*, 83 id. 14, 26 ; *White* v. *Baxter*, 71 id. 254, 261.) Where a subscription is made upon certain conditions specified by the party subscribing, the subscription will be binding when the acts specified as conditions have been performed. (*Union Hotel* v. *Herse*, 79 N. Y. 454 ; *Presb. Society* v. *Beach*, 74 id. 72, 76 ; *Bort* v. *Snell*, 39 Hun, 388 ; *Williams* v. *Rogan*, 23 Alb. L. J., No. 22 ; *Hopkins* v. *Upshur*, 20 Texas, 201 ; *Rose* v. *Railroad*, 31 id. 58 ; *Comstock* v. *How*, 15 Mich. 242 ; *Watkins* v. *Eanes*, 9 Cush. 539 ; *Trustees, etc.*, v. *Hardenburg*, 48 How. 414 ; *Adams* v. *Horness*, 62 Barb. 326 ; *Hutchins* v. *Smith*, 46 id. 235 ; 2 Wait's Actions and Defenses, 26 ; 5 N. E. Rep'r, 894 ; *United Presb. Ch.* v. *Baird* [Ia.], 14 N.W. Rep'r, 303 ; *Trustees* v. *Garvey*, 53 Ill. 401.) There is evidence that Mr. Horr acted for and on behalf of the church as its agent. (*Barnes* v. *Perine*, 12 N. Y. 18, 25 ; *Vrooman* v. *Turner*, 69 id. 280, 285 ; *Todd* v. *Weber*, 95 id. 181, 193 ; *Haden* v. *Buddensick*, 67 Barb. 188 ; 4 Hun, 649 ; *In re Walker*, 15 Abb. N. C. 469 ; *Presbyterian Society* v. *Beach*, 74 N. Y. 72, 76 ; *Landwerlen* v. *Wheeler*, 5 N. E. Rep'r, 888 ; *Arnold* v. *Nichols*, 64 N. Y. 117 ; *Kelly* v. *Roberts*, 40 id. 432 ; *Fairchild* v. *Feltman*, 32 Hun, 398 ; *Merrill* v. *Greene*, 55 N. Y. 273 ; *Barlow* v. *Myers*, 64 id. 41 ; *Wheat* v. *Rice*, 97 id. 296 ; *Simson* v. *Brown*, 68 id. 355, 362.) The complaint sets forth a cause of action on contract, *i. e.*, on a promissory note. (New Code,

§ 534; *Langley* v. *Wadsworth*, 99 N. Y. 61; *Butchers & Drovers' Bk.* v. *Jacobson*, 24 How. 204; *Prindle* v. *Carruthers*, 15 N. Y. 425; *Smith* v. *Fellows*, 26 Hun, 384; *Slack* v. *Heath*, 1 Abb. Pr. 331; *Blackman* v. *Cavin, Ex'r*, 21 Week. Dig., No. 19, 345; *Jerome* v. *Whitney*, 7 Johns. 321; *Walrad* v. *Petrie*, 4 Wend. 575; *Myers* v. *Hibsher*, 47 N. Y. 265; 2 Wait's Pr. 379; Abb. Trial Ev. 404, 441; *Wilmarth* v. *Crawford*, 10 Wend. 341; *Oneida Bk.* v. *Ontario Bk.*, 21 N. Y. 490; *Eastabrook* v. *Boyle*, 1 Allen, 412; *Anthony* v. *Harrison*, 14 Hun, 198; 74 N. Y. 613.) A party who formally and explicitly admits by his pleading that which establishes the plaintiff's right will not be suffered to deny its existence, or prove any state of facts inconsistent with that admission. (*Paige* v. *Willett*, 38 N. Y. 28, 31; *Fleischman* v. *Stern*, 90 id. 110; *Dunham* v. *Cudlipp*, 94 id. 129.) Matter which merely denies the essential allegations of the complaint, or states circumstances which, if true, would disprove them, is not new matter. (*Radde* v. *Ruckgaber*, 3 Duer, 684; *Manning* v. *Winter*, 7 Hun, 482.) In an action on a promissory note under a general denial defendant can prove that the note was altered. (*Boomer* v. *Koon*, 6 Hun, 645; *Schway* v. *Oppold*, 74 N. Y. 307; *Wirges* v. *Baeurle*, 12 Hun, 134; *Andrews* v. *Bond*, 16 Barb. 633; *Claflin* v. *Baere*, 28 Hun, 204; *Gilbert* v. *Crane*, 12 How. 455; *Claflin* v. *Jaraslowski*, 64 Barb. 463.) Want of consideration can be proved under a general denial. (*Langley* v. *Wadsworth*, 99 N. Y. 61; *Evans* v. *Williams*, 60 Barb. 346.) Notice to a trustee, while engaged in business transaction outside of his official duty, is not chargeable to the corporation. (*Gibson* v. *Park Bk.*, 98 N. Y. 94; 1 Pars. on Cont. [5th ed.] 77; *Village of Port Jervis* v. *First Nat. Bk.*, 96 N. Y. 550, 559; *Dillon* v. *Anderson*, 43 id. 231, 238; *Durst* v. *Burton*, 2 Lans. 137, 143; 29 Alb. L. J., No. 18, 344, 346.)

EARL, J. The persons interested in the First Baptist Church of Tarrytown had, prior to the 1st day of May, 1881, been engaged in building a church edifice, and at that time

there was a mortgage upon the church property, upon which there was then due about $15,000. An effort was then being made by the church to raise the funds to discharge that mortgage, with a view to the dedication of the church in the near future. Rev. Mr. Horr, the pastor of the church, was active and efficient on its behalf in procuring subscriptions and pledges for that purpose. About the first of May he called upon Mrs. Barker, defendant's testatrix, an aged lady, who was a member of the church, and requested her to make a contribution; and she promised to contribute $2,500 in cash toward the payment of the mortgage if he would secure pledges for the balance, $12,500; and he promised her to make the effort. He at once set about raising the requisite sum and secured pledges for the amount during that month. After he had done so, on the 31st day of May, 1881, he called upon Mrs. Barker for the amount of her subscription, and she, finding it inconvenient to pay the cash in discharge thereof, executed the instrument set out in the complaint and delivered it to him. She subsequently paid thereon $500, and this action was brought by the plaintiff, to whom the note was indorsed by the trustees of the church, to recover the balance.

It is entirely clear, we think, that Mr. Horr must be regarded as having acted for and on behalf of the church in procuring pledges to pay the mortgage. He was not acting in his own interest, and his relations to the church were such that it is a proper, if not an absolutely necessary inference, that he was its agent, acting for it with the sanction and co-operation of its trustees. The money and note which he obtained from Mrs. Barker were immediately delivered to the trustees, and his action approved by them; and all the money and subscriptions which he obtained were turned over to the trustees and used in the discharge of the mortgage.

Therefore, whatever he did and whatever he promised to do, the church did and promised. We have, then, a case where Mrs. Barker agreed to give $2,500 for the purpose of discharging the mortgage, on condition that the church would raise the balance by voluntary subscriptions, and the church

promised her to make the effort. It did make the effort and performed the condition, and therefore her promise became obligatory, and the note which she gave in fulfilment thereof is based upon a sufficient consideration. (*Trustees of Hamilton College* v. *Stewart*, 1 N. Y. 581; *Barnes* v. *Perine*, 12 id. 18; *Marie* v. *Garrison*, 83 id. 14; Pars. on Cont. [5th ed.] 452, and notes.)

But, if it could be held that Mr. Horr did not act as the agent of the church, then it would follow that he acted for himself in procuring the subscriptions, intending to present the money obtained to the church for the discharge of its mortgage, and the same conclusion would still be reached. In that event Mrs. Barker promised him to give him $2,500 if he would procure subscriptions for the remaining $12,500. He accepted the offer and performed the condition, and thus there was an adequate consideration to uphold her promise. He called upon her to perform her promise, and took her promissory note, payable to the trustees of the church, in discharge of her obligation to him. That note was founded upon a sufficient consideration and was valid in the hands of the trustees, and they gave good title thereto by their indorsement to the plaintiff.

So, in any view that can be taken of this case, the judgment was right and should be affirmed.

All concur.

Judgment affirmed.