### SIMPSON CENTENARY COLLEGE v. TUTTLE.

1. **Promissory Note**: GIFT TO COLLEGE: FAILURE OF CONSIDERATION: CONTEMPORANEOUS ORAL AGREEMENT. A promissory note given to a college to aid in the formation of an endowment fund, where no consideration for the note is advanced, is only a written promise to make a gift at a future time, and it cannot be enforced by the donee, unless it has, prior to any revocation, entered into engagements, or made expenditures, based on the promise, so that it must suffer loss or injury if the note is not paid. Neither can it be enforced where the fund to which the gift is promised is diverted from its object, in violation of an *oral* agreement made with the donor at the time the note was executed.

*Appeal from Warren Circuit Court.*

TUESDAY, JUNE 7.

Plaintiff sues on a promissory note, which is as follows:
" ENDOWMENT NOTE, SIMPSON CENTENARY COLLEGE.
"$500. INDIANOLA, IOWA, July 21, 1869.
"Within five years after date, I promise to pay Simpson Centenary College five hundred dollars, for value received, with eight per cent interest, payable semi-annually, at the office of the treasurer of said college, on the first day of January and July of each year.
MARTIN TUTTLE."
It is alleged that the whole amount is due, except that interest was paid up to January 1, 1879. There are no other allegations in the petition, except those in regard to the execution of the note and the amount due thereon, and the venue of the cause. To the petition the defendant answered, *First*, admitting the execution of the note, but denying

indebtedness thereon, and denying each and every other allegation of the petition; *second*, admitting the execution of the note, but denying the right to recover, on the ground that the note was only a promise that the defendant, at a subsequent time, would make a gift of $500 to the college, and that he had received no advantage, benefit, or anything of value or consideration, for the promise, and that, therefore, the note was wholly without consideration.

The third paragraph of the answer is as follows: "*Third.* For further answer the defendant admits the execution of the note sued on, but says that the plaintiff ought not to recover thereon, because said note was executed as the evidence of a naked promise of the defendant to plaintiff to make it a gift of $500 in five years thereafter, to be and continue, when made, part of a permanent endowment fund, which the plaintiff then had promised to it in part, and was endeavoring to procure promises for the remainder, and the defendant promised said gift to the plaintiff on condition that the principal of said fund should not be expended in whole or in part, and that the interest accruing on said fund should be used solely for the purpose of maintaining a college then in operation at the town of Indianola, Iowa, in which the academic branches of learning usually taught in such schools should be taught, and that no part of said fund, or interest thereon, should be used or expended for the purpose of establishing a professional school anywhere, or any kind of school or college at any other place than said town of Indianola. The defendant alleges that plaintiff accepted said promise coupled with said condition, without which condition and acceptance said promise would not have been made. The defendant charges that the plaintiff has violated the said conditions upon which it accepted the defendant's said promise, by expending large sums of money, obtained from defendant and others, as interest on said endowment fund, for the purpose of establishing a law school at the city of Des Moines, Iowa, twenty miles distant from the said

town of Indianola. The defendant says that, by reason of the premises, he is released from his promise to make said gift, and the note in suit is wholly without consideration."

The fourth paragraph of the petition reiterates the third paragraph in substance, and makes the further charge that plaintiff violated the oral agreement on which the promise was based, "by using a portion of said permanent fund for the payment of its debts, and for other wrongful purposes."

To this answer the plaintiff demurred, on the following grounds: "Because it sets out a contract, or condition in a contract, different from, and conflicting with, the note sued on; *second*, that it sets out a prior or contemporaneous agreement or contract, or condition in a contract, which was not reduced to writing, and which was not made a part of the note sued on; *third*, [this paragraph includes, in substance, the first and second;] *fourth*, because the giving of the note was the promise and obligation of the defendant to pay the amount of said note, and that any condition in the gift, or the use of the appropriation of the said fund, or the proceeds arising therefrom, must be embraced in and form a part of the contract; *fifth*, that the appropriation, or the use of the funds given or contributed by others to the endowment fund, constitute no defense to the note sued on." The seventh and eighth paragraphs of the demurrer are substantially repetitions of some of the foregoing. The demurrer was overruled. Plaintiff excepted and appeals.

*W. H. Berry* and *Nourse, Kauffman & Guernsey*, for appellant.

*P. Gad Bryan*, for appellee.

ROTHROCK, J.—The note sued upon is still in the hands of the payee; and, notwithstanding the use of the words "value received," the question of consideration is still open. In the case of *Abbott v. Hendricks*, 1 Man. & G. 791, the consideration recited was "for commissions due to the plaintiff for

business transacted for the defendant." The defendant was allowed to show that the note was given for services *to be thereafter* rendered, and that there was failure of consideration because the services had not been rendered. It has long been a settled principle that, as between the maker and the payee of a promissory note, the defense of want of consideration may be interposed. Such a defense does not affect the *terms* of the written agreement or payment, or the parties to whom the same is to be paid. A gift is not complete until the money or property constituting the subject of the gift is actually delivered, and before such delivery the gift may be revoked. A promise to give money cannot be enforced even when put in the form of a promissory note. *Phelps v. Phelps*, 28 Barb. 121; *Fink v. Cox*, 18 Johns. 145. The delivery of the note was simply the delivery of the thing promised. *Starr v. Starr*, 9 Ohio St. 75. To this doctrine, however, there must be added the qualification that the benefits to be derived from founding a school, church, or other institution of similar character, may furnish a good consideration for a promise. It must also be remembered, in the case before us, that such consideration is not advanced by plaintiff, and the only reference to its existence is contained in the paragraphs of the answer assailed by the demurrer; the other paragraph setting up a total want of consideration. Where a note, however, is based on a promise to give for the support of the objects referred to, it may still be open to this defense, unless it shall appear that the donee has, prior to any revocation, entered into engagements or made expenditures based on such promise, so that he must suffer loss or injury if the note is not paid. This is based on the equitable principle that, after allowing the. donee to incur obligations on the faith that the note would be paid, the donor should be estopped from pleading want of consideration.

There is nothing in the pleadings to show that the defendant ought to be estopped from setting up want of consideration; and, in the absence of anything of that character, he

need not be very particular as to what reasons he shall assign for such defense to a promise to give. The obligations and expenditures on the part of the donee which might prevent the interposition of the defense of want of consideration must be directly in the line of the purpose for which the gift of the note or promise to give was intended. A diversion of the funds to other purposes, contrary to the intent of the donor, would certainly be a good excuse for withholding the consummation of the gift; and, if the plaintiff is diverting the funds created by the donations to purposes not contemplated at the time of the gift, but in violation of the agreement on which the promise was based, in such a manner as to show want of good faith on the part of the donee, the proof of such diversion is a defense to the note in the nature of a *failure* of consideration.

The demurrer to the answer was properly overruled.

AFFIRMED.