(88 South. 219)

## SOUTH v. FIRST NAT. BANK OF FAYETTE. (6 Div. 608.)

(Court of Appeals of Alabama. April 20, 1920. Rehearing Denied June 1, 1920.)

1. GIFTS ⬅41—DONOR'S NOTE NOT REVOCABLE AFTER PAYEE HAS ADVANCED MONEY ON FAITH OF IT.

A gift of the donor's note for construction of a road cannot be revoked, or recovery thereon defeated, on the ground of want of consideration, after the payee on the faith of it has advanced the money for the road, and it has been built, though others have guaranteed payment of the note.

2. GIFTS ⬅41—DONOR'S NOTE ENFORCEABLE IN CASE OF REASONABLE COMPLIANCE WITH CONDITION.

To render enforceable a donor's note for building of a state highway road between certain points, all that is necessary is that there be reasonable compliance with the specifications required for a state highway.

### On Rehearing.

3. PLEADING ⬅312 — NO VARIANCE WHERE INSTRUMENT IS SET OUT IN COMPLAINT, THOUGH THEREIN GIVEN A WRONG NAME.

Whatever the instrument sued on be called in the complaint, it being therein set out in hæc verba, and being proved as set out, there is no variance.

Appeal from Circuit Court, Fayette County; Hanry B. Foster, Judge.

Action by the First National Bank of Fayette against J. F. South. Judgment for plaintiff, and defendant appeals. Affirmed.

Certiorari denied, 88 South. 221.

---

W. F. Finch, of Jasper, for appellant.

Where the note contains conditions, it cannot be enforced until the conditions have been complied with. 106 Ala. 561, 17 South. 534; 144 Ala. 166, 39 South. 898; 194 Ala. 672, 69 South. 894. It is always permissible to show by parol evidence what the consideration was, or whether it had failed. 68 South. 261; 148 Ala. 313, 42 South. 443; 118 Ala. 369, 24 South. 405; 110 Ala. 106, 20 South. 27; 66 Ala. 532. The note sued on was a nonnegotiable instrument. 103 Ala. 497, 15 South. 741; 63 Ala. 547, 35 Am. Rep. 57. Acts 1909, p. 126. Plaintiff has not and will not lose any money because of the failure to pay the note. 114 Ga. 691, 40 S. E. 757, 88 Am. St. Rep. 53; 138 Cal. 169, 66 Pac. 740, 71 Pac. 83, 94 Am. St. Rep. 19; 123 Cal. 53, 55 Pac. 685, 45 L. R. A. 747, 69 Am. St. Rep. 42. A note is a promise to make a gift in the future, and is not negotiable: 37 Ala. 289, 79 Am. Dec. 58; 73 Ala. 412; 80 Ala. 476, 2 South. 534; section 3392, Code 1907, and authorities supra.

On rehearing, counsel insist that the declaration was on a promissory note, and that the one introduced was not a promissory note. 77 South. 56. Under the pleading, estoppel need not be specially pleaded. 7 Ala. App. 242, 60 South. 1001; 62 South. 402.

Ray & Cooner, of Jasper, and McNeil & Monroe, of Fayette, for appellee.

The obligation of the contract had been complied with and the consideration was shown. 76 Ala. 185, 52 Am. Rep. 316; 79 Ala. 180; 17 Cyc. 662; 9 Cyc. 311. The note was set out in a complaint and varinace was waived. 7 Ala. App. 229, 60 South. 986. The consideration expressed in the note was for the benefit of the defendant, was of the essence of the contract, and could not be varied. 152 Ala. 521, 44 South. 613; 186 Ala. 500, 65 South. 321; 132 Ala. 272, 31 South. 715; 69 Ala. 305.

MERRITT, J. This was a suit on a note given as a donation or subscription for the building of a certain highway, the amount being $150, and there being a recital in the note "for donation on state highway road leading from Fayette to Bluff to Guin, Alabama. Value received. But if fail to get said road, this note is null and void."

As well as we can gather from the pleading, the case was submitted on counts A and B as amended, which set out the note in hæc verba, and on pleas 1 and 2, being the general issue; 3 and 4, no consideration; and plea 9, which set up the execution and delivery of the note upon condition that a certain state highway or road would be built from Fayette to Fayette county line, near or towards Guin, Ala., by way of Bluff, Ala.; that if said highway was not so built, the defendant was to be released from all liability, and the note to be void; and alleging that the condition had been breached and the highway was not so constructed. We believe as stated that under these pleas the defendant had the benefit of every possible thing that could be available to him in this suit; in fact, it appears that the trial judge finally "took the bridle off," so to speak, and permitted both sides to go fully into all questions as to whether this was to be the "King's Highway," or that "straight and narrow path," whether it was to be 20 or 14 feet wide, hilly or level, macadam, sand, or gravel, and whether smooth or rough. The building of this highway, the testimony shows, was to be along either the route named in the note sued on, or along another route, and there being manifested much interest as to which route would be selected as the location, parties living along the proposed routes entered into a contest, realizing the benefits to be gained by such a highway, as to which would make the larger contribution; the route making the larger contribution to be the favored location thereof. It appears from the testimony that the route named in the note sued on won the location, and the highway was accordingly built. Those living along this route, the defendant being one of them, executed their notes for the payment of the amounts subscribed by them, these notes being given by several parties, aggregating several thousand dollars, but while all of said notes were payable to plaintiff, who was the agreed stakeholder, he refused to advance the amount subscribed as evidenced by the different notes, until other parties, whom, it appears, he considered stronger financially, guaranteed the payment of the several subscription notes. This was done, the total amount represented by the subscription notes was placed to the credit of the court of county commissioners of Fayette county as was the general agreement, the highway was constructed, and the money used in the building of the same. It appears that all parties who gave subscription notes had promptly paid the same except the defendant, and possibly one other for an amount of something like $25.

[1] There was no denial that the highway was built and was being used by the public, but the defendant insists in the first place that the note, being a donation or gift, was without consideration and void; that the plaintiff has not and will not lose any money on account of defendant's failure to pay the note, since it evidences an agreement to make a donation or gift. As a general proposition, the contention of the defendant is right, "unless it shall appear that the donee has, prior to any revocation, entered into engagements or made expenditures based on such promise, so that he must suffer loss or injury if the note is not paid. This is based on the equi-

table principle that, after allowing the donee to incur obligations on the faith that the note would be paid, the donor should be estopped from pleading want of consideration." Beatty v. Western College of Toledo, 177 Ill. 280, 52 N. E. 432, 42 L. R. A. 797, 69 Am. St. Rep. 242. It matters not if there were guarantors, nor if all parties had paid these notes, but defendant and one other, and plaintiff would lose nothing, as now appears, but at the time plaintiff advanced the money to the court of county commissioners he certainly incurred some liability as to whether defendant's note would be paid, and no matter how sound financially the guarantors may have appeared to be at that time, it was no guaranty that they would be able to pay in case of defendant's default thereafter. It may be that, if before all these things had been done, and the highway had been constructed, built in part on defendant's pledge, if he had gone to the donee, or the plaintiff in this instance, he could have revoked the gift, but we cannot subscribe to any such doctrine as would permit the defendant to pledge his faith by solemn note to pay an amount of money if the highway is built along a certain route, the payee then puts up or advances the money for him, which is expended in the construction of the road, that we must know was of benefit to him as it ran by his home, and then permit the defendant, in the light of all this, to come in and say, Others promised to make good my default, and you will lose nothing. This may all appear now, but some one had to put up the money at the time, some one had to take the chance, good or bad; the plaintiff did it, and the defendant is now estopped to come in and free himself from liability thereby.

It is unnecessary as to whether the note on its face imports a consideration. The general rule is that, when a note contains the words "value received," the consideration is expressed. It is also well settled that proof may be introduced to show the consideration. It would appear that the establishment of the highway along the route named in the note, being of benefit to the defendant, was sufficient consideration for the note. Wilks v. Ga. Pacific R. R. Co., 79 Ala. 180. The note shows, and the proof shows, it was a gift. It is well settled that a note, without a consideration, and intended as a gift by the maker to the payee thereof, is but a promise to make a gift in the future, and is not enforceable. Pratt v. Trustees, 93 Ill. 475, 34 Am. Rep. 187. But while such a note, amounting to a mere promise to make a gift, is open to the defense of a want of consideration, yet that defense cannot be made to it if money has been expended or liability has been incurred in reliance upon the note. Beach v. First M. E. Church, 96 Ill. 177.

In Simpson Centenary College v. Tuttle, 71 Iowa, 596, 33 N. W. 74, the Supreme Court of Iowa said:

"Where a note, however, is based on a promise to give for the support of the objects referred to [founding a school, church or other institution] it may still be open to this defense [want of consideration] unless it shall appear that the donee has, prior to its revocation, entered into engagements or made expenditures based on such promise, so that he must suffer loss or injury if the note is not paid. This is based on the equitable principle that, after allowing the donee to incur obligations on the faith that the note would be paid, the donor should be estopped from pleading want of consideration." Wesleyan Seminary v. Fisher, 4 Mich. 515; Amherst Academy v. Cowls, 6 Pick. (Mass.) 427, 17 Am. Dec. 387; Roberts v. Cobb, 103 N. Y. 600, 9 N. E. 500; Johnson v. Wabash College, 2 Ind. 555.

[2] There being no question as to the construction of the road along the route named in the defendant's note, it was for the jury to say as to whether the highway was such a one as was contemplated by the parties at the time of giving the note. As to width, grades, etc., these were all matters properly left to the jury, and a reasonable compliance with the specifications as required for a state highway as shown in the testimony of the State Highway Engineer, setting out the specifications for a state highway, was all that was necessary.

We have carefully considered the oral charge of the court, and believe it fully covered the law that should govern in the trial of this case. And we are of the opinion that the defendant had not only the benefit of every proposition that was available to him under the law, but that he was allowed the greatest latitude, and that there was nothing prejudicial during the trial of which he can complain.

While counsel discuss ably and at great length the many assignments of error, we consider what is said above as dealing with the vital question in the case, and, finding no error in appellant's contentions, we are forced to the conclusion that the case should be affirmed.

Affirmed.

### On Rehearing.

[3] Whatever the note sued on may have been called in the complaint, the setting out of the note in hæc verba showed what it was, and the case of Cairns v. Daniel, 16 Ala. App. 218, 77 South. 56, does not, in our opinion, sustain appellant's contention. In that case the note was not set out in the complaint. The introduction of the note in evidence did support the complaint.

The application for rehearing is overruled.

Application overruled.