**DOGGETT et al. v. HUNT.**

No. 926.

United States District Court, S. D. Alabama, S. D.

Oct. 3, 1950.

Scott & Porter, Chatom, Ala., Holberg, Tully & Aldridge, Mobile, Ala., for plaintiffs.

Pillans, Reams, Tappan, Wood & Roberts, Mobile, Ala., for defendant.

**McDUFFIE, District Judge.**

This cause is before the court on plaintiffs' motion to remand and oral motion to strike affidavit relative to the amount in controversy, which affidavit was not filed by defendant until some two months after the removal petition was filed. Also before the court is defendant's oral motion for leave to file an explanatory statement concerning the nature of the matter in controversy, on which the requisite jurisdictional amount depends.

As Judge Sanborn said in Enger v. Northern Finance Corporation, D.C., 31 F. 2d 136, 138 (a case cited by plaintiffs): "An investigation of the authorities on the questions presented has required more time than it would probably take to try several of such cases upon the merits; but the parties are entitled to a determination of the questions involved."

Upon examination of the sections on removal of causes in such standard texts as Cyclopedia of Federal Procedure (2nd Ed.), Hughes' Federal Practice, and Corpus Juris, together with the authorities cited therein and the numerous decisions referred to by plaintiffs and defendant, one principle stands out clearly: the right of removal is determined, basically, from the allegations *on the face of the record as a whole at the time the petition for removal is filed,* for it is the state of facts appearing of record at that time which determines whether or not, under the applicable statutes, 28 U.S.C.A. §§ 1332, 1441(a), 1446, 1447, the federal court can take jurisdiction from the state court.

Of course, if on motion to remand, any of the allegations on which the right of removal was based, are specifically challenged, and the party seeking removal and invoking the jurisdiction of the federal court is unable to prove that at the time removal was sought the necessary jurisdictional facts appeared in the record, there was, in point of fact and in reality, no jurisdiction in the federal court *ab initio,* and the cause must be remanded. This court agrees with plaintiffs' contention, which is well supported by the authorities,

that the burden is upon the party invoking the power of the court to show that he is properly in court.

In the light of these fundamentals the court examines here the record at the time petition for removal was filed:

On April 3, 1950, complainants (Doggett, Allen and Allen) filed their bill in equity in the circuit court of Choctaw County, Alabama, alleging, among other things, that complainants were resident citizens of Choctaw County, Alabama, and respondent a resident of Shreveport, Louisiana; that complainants were the joint and several owners of an undivided one-half interest in and to the oil, gas, and other mineral rights on and under S½ of SE¼, Section 31, Township 11, Range 4 West, Choctaw County, Alabama, which said oil, gas and other minerals, together with the outstanding one-half interest therein, were covered by one or more commercial oil, gas, and mineral leases now owned by respondent, Hunt; that there were two producing offset wells on the north and two producing offset wells on the northwest of the lands described; and that respondent had not developed the lands described, though it was the custom in the oil production business to promptly develop an area immediately adjoining offset wells, that such an obligation was written into every oil and gas lease by implication, and that respondent had neither complied with the custom of the trade nor the implied obligation of law in the premises.

The prayer of complainants with interrogatories is as follows:

"Complainants pray that by appropriate process to be issued and served on him that the said H. L. Hunt be required to plead, answer or demur to the foregoing allegations within the time allowed by law and that on the final hearing of this cause Your Honor will grant unto the Complainants the following relief:

"1. That Respondent be required to drill in good faith and off-set well on each of the 40 acre tracts hereinabove described within such time as this Court may deem reasonable;

"2. That upon the failure of the Respondent to do so, this Court shall enter a decree cancelling any lease or leases of record in favor of the said Respondent, or presently assigned to him.

"And Complainants, desiring the testimony of the Respondent, file to him the following interrogatories, the answers to which, if well and truly made, will be material evidence for the Complainants on the hearing of this cause:

"1. If you claim to be the present owner of any oil, gas and mineral leases covering the South Half of Southeast Quarter of Section Thirty-one, Township Eleven, Range Four West, Choctaw County, Alabama, please attach to your answer a photostatic copy of each and every such lease.

"2. State whether or not there are four producing off-set wells to the lands described in the preceding paragraph.

"3. Is it not a fact that it is a custom of the oil producing trade to drill off-set wells?

"4. What excuse or justification do you offer for not drilling off-set wells on the lands above described?"

The matter in controversy on which the jurisdictional amount depends is determined from the allegations of plaintiffs' complaint at the time petition for removal is filed. Defendant cannot allege any new matter in controversy as grounds for removal. Gates v. Union Central Life Ins. Co., D.C., 56 F.Supp. 149, citing St. Paul Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845.

Therefore, this court is of the opinion it may fairly be said that, on the face of plaintiffs' complaint, the matter in controversy is whether or not the defendant shall be required to drill two offset wells or relinquish the lease for failure to drill.

On April 21, 1950, respondent Hunt filed his petition for removal, within the time required by law. The first two paragraphs of that petition read as follows:

"Heretofore on, to-wit the 5th day of April, 1950, process was served on your petitioner in the said suit instituted against

him by the said J. A. Doggett, et al, in the Circuit Court of Choctaw County, Alabama, on, to-wit, the 3rd day of April, 1950. *The matter in controversy, as claimed in plaintiffs' bill of complaint in the said suit, is a leasehold interest in and to an undivided one-half interest in and to the oil, gas and other mineral rights, on and under the South Half of the Southeast Quarter of Section 31, Township 11, Range 4 West, Choctaw County, Alabama; the value of which interest exceeds the sum of $3,000.00 exclusive of interest and costs.*

"And your petitioner avers that the controversy in the said suit was at the time of the beginning of said action and is now entirely between citizens of different states, in this: the said J. A. Doggett, G. W. Allen and H. G. Allen were and are citizens of the State of Alabama, and H. L. Hunt was and is a citizen of the State of Texas, and is not a citizen of the State of Alabama, in which State the said suit was brought. And your petitioner appends to, and files with, this petition, a copy of all process, pleadings and orders served upon him in this action. The said copy is marked Exhibit "A" and made a part of this petition." (Italics by court.)

On its face, therefore, the petition for removal alleges the requisite diversity of citizenship and the requisite amount in controversy.

Required notice was given to complainants and copy of petition filed with the Register of the State court.

Defendant thereupon filed ten days later, on May 2, motion to dismiss, going primarily to the sufficiency of the allegations of the complaint as to the necessity of drilling offset wells. This motion is not before the court at the present time, is not a part of the record at the time of removal, and may be disregarded here.

On May 25, plaintiffs filed motion to remand, "and for answer to the defendant's petition for the removal of this cause from the Circuit Court of Choctaw County, Alabama, to this Court, respectfully says as follows:

"1. Plaintiffs deny that the matter in controversy is a leasehold interest in and to an undivided one-half interest in and to the oil, gas and other mineral rights on and under the South half of the Southeast quarter of Section 31, Township 11, Range 4 West, Choctaw County, Alabama, the value of which interest exceeds the sum of $3,000.00 exclusive of interest and costs.

"2. Plaintiffs deny that this Court has jurisdiction over the subject matter of said suit.

"3. Plaintiffs deny that the matter in controversy can be measured in terms of pecuniary value or damages and plaintiffs aver that, as will affirmatively appear from the bill of complaint filed in this cause, the matter in controversy does not require the defendant to respond in damages or in any amount of money or property the value of which is capable of ascertainment.

"4. Plaintiffs aver that if, as claimed by the defendant in his petition for the removal of this cause, the matter in controversy is the value of a leasehold interest in and to an undivided one-half interest in and to the oil, gas and other mineral rights under the lands hereinafter described, then, at the time of the beginning of this said suit and at the time of the petition of the removal of the same from the Circuit Court of Choctaw County, Alabama, to this Honorable Court, and at the time of the removal thereof, the value of a leasehold interest in and to an undivided one-half interest in and to the oil, gas and other mineral rights on and under the South half of the Southeast quarter * * * Choctaw County, Alabama, was less than the sum of $3,000.00 and did not exceed the sum of, to-wit, $1,000.00; and in support thereof the plaintiffs attach hereto and submit herewith, and as a part of this motion, the affidavit of Robert Locke, marked Exhibit 'A', and the affidavit of H. G. Allen, marked Exhibit 'B'."

Plaintiffs thus join issue, on hearing to remand, as to the necessary jurisdictional amount, and also attempt to take issue with defendant's statement in his petition for removal as to the nature of the matter in controversy, upon which the jurisdictional

amount depends. Plaintiffs have made much in their argument of what they allege is a fatal defect in the petition for removal in alleging that the matter in controversy is the leasehold interest, when, in fact, the market value of the lease does not equal the jurisdictional amount, according to affidavits and oral testimony submitted by plaintiffs, which testimony is uncontroverted, though not admitted, by defendant.

This court cannot agree with the plaintiffs that this defect in the petition for removal is fatal. In any disputation, disputants should, of course, define their terms. It is true that defendant failed to define in his petition for removal what he meant by "a leasehold interest". The court thinks, however, it is patent from the whole record at the time petition for removal was filed that defendant meant "a leasehold interest" to include everything implied in the lease.

■ In any event, it is unnecessary to debate the meaning here of "leasehold interest," for the reason that the plaintiffs' complaint is the exhibit or evidence on which the petition for removal is based. The complaint is attached to and made a part of the petition. In Seber v. Spring Oil Co., D.C.N.D.Okl., 33 F.Supp. 805, 808, a case cited by plaintiffs, it is stated: "The exhibit attached to plaintiff's petition is not only a part of it, but in case of a variance between the allegations of the petition and the exhibit attached thereto as a basis of suit, the contents of the exhibit control and prevail over the allegations of the petition." (Citing Oklahoma cases.)

This is also the rule in Alabama. In Lavretta v. First National Bank of Mobile, 235 Ala. 104, 178 So. 3, 5, it is said: "It is further declared that an exhibit made the basis of a cause of action or defense and contradicting the averments of the pleading to which it is made a part will control such pleading. 49 Corpus Juris, 619, § 883, and South v. First Nat. Bank of Fayette, 17 Ala.App. 569, 88 So. 219."

■ Moreover, in Ellis et al. v. Davis, Agent, 5 cir., 4 F.2d 323, a case decided by the appellate court of this circuit, it is stated: "As pointed out by the defendant in error, the court is not confined to the allegations of the petition for removal, if the record otherwise discloses a case of which the federal court has jurisdiction. Plaintiff's petition itself shows * * *."

See also St. Paul Indemnity Co. v. Red Cab Co., supra; Pullman Co. v. Jenkins, 305 U.S. 534, 535, 537, 59 S.Ct. 347, 83 L. Ed. 334; and 54 C.J., § 29, p. 225.

■ It appearing from the plaintiffs' complaint, as aforesaid, that the matter in controversy is the drilling of the two wells (which, as a matter of common knowledge would involve more than the jurisdictional amount), and it appearing from defendant's petition for removal, with complaint attached, that defendant is claiming: *"The matter in controversy, as claimed in plaintiffs' bill of complaint* in the said suit, is a leasehold interest in and to an undivided one-half interest in and to the oil, gas and other mineral rights, on and under the South Half * * * ; the value of which interest *exceeds the sum of $3,000.00 exclusive of interest and costs."* (Emphasis supplied by court.)

it is the opinion of the court, on plaintiffs' motion to remand with affidavits as to the market value of the lease, the defendant's affidavit filed June 26, more than thirty days before the hearing on the motion to remand, as to the cost of drilling two offset wells, is admissible in evidence to show the requisite jurisdictional amount involved in the issues as shown by the record at the time the removal petition was filed.

■■ Moreover, reference to plaintiffs' ground No. 3 in the motion to remand, shows, "Plaintiffs deny that the matter in controversy"—which their bill of complaint shows is the drilling of two oil wells —"can be measured in terms of pecuniary value or damages," etc. Defendant's affidavit is admissible to rebut this allegation. "The use of affidavits on the hearing of an application to remand is common and recognized, and the parties may be required to file affidavits." Cyclopedia of Federal Procedure, 2nd Ed. Ch. 3, Sec. 516, p. 543.

In Carr v. Fife et al., C.C., 45 F. 209, affirmed 156 U.S. 494, 15 S.Ct. 427, 39 L.Ed.

508, the circuit court for the district of Washington said: "Besides, there is no lack of jurisdiction in this court; there is only an omission in the record of a fact essential to the jurisdiction; and the proper thing to do is not to destroy any rights, but to supply the omission, and in denying the motion I will also make an order allowing that to be done. * * * The failure to actually place the affidavit on file has been through inadvertance; therefore, I will order that the proper affidavit, when made and presented, be filed *nunc pro tunc* as of the first day of the trial, and that the motion to remand be denied."

In affirming the lower court, the Supreme Court said: "The tenth assignment asserts want of jurisdiction in the circuit court, at the time of entering the final decree, because the record did not contain a specific allegation that the matter in dispute exceeded the sum of $2,000.00. If the record were defective in the particular mentioned, we think that the amendment by affidavits, disclosing that the value of the matter in dispute largely exceeded the jurisdictional amount, cured the defect." [156 O.S. 494, 15 S.Ct. 428]

■ As to plaintiffs' denial that the matter in controversy can be measured in terms of pecuniary value, in Thomson v. Gaskill, 315 U.S. 442, 62 S.Ct. 673, 675, 86 L.Ed. 951, the court said: "In a diversity litigation the value of the 'matter in controversy' is measured not by the monetary result of determining the principle involved, but by its pecuniary consequence to those involved in the litigation. Wheless v. City of St. Loius, 180 U.S. 379, 382, 21 S.Ct. 402, 403, 45 L.Ed. 583; Oliver v. Alexander, 6 Pet. 143, 147, 8 L.Ed. 349."

See also Smith v. Adams, 130 U.S. 167, 9 S.Ct. 566, 32 L.Ed. 895, and Ronzio et al. v. Denver & R. G. W. R. Co., 10 Cir., 116 F.2d 604, 606, in which it is said even more clearly: "In determining the matter in controversy, we may look to the object sought to be accomplished by the plaintiffs' complaint; the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce."

■ ■ The direct pecuniary consequence to defendant quite possibly might be the expense of drilling two wells, which, according to the affidavit objected to, would approximate $40,000. And when relief is sought in the alternative, that relief which involves the larger amount is the test of jurisdiction. Shappirio v. Goldberg, 192 U.S. 232, 24 S.Ct. 259, 48 L.Ed. 419; 54 C.J., § 29, p. 226.

It is the opinion of the court, therefore, that the motions to remand and to strike the affidavit should be denied. The appropriate order will be entered.