WILLIAM PRYOR *et al.*, Plaintiffs in Error, *v.* AARON CAIN, Defendant in Error.

ERROR TO ADAMS.

An action can be maintained upon a subscription to carry on some project lawful in itself, and supposed to be beneficial to the projectors, if money is advanced or materials furnished, or labor has been done, upon the faith of such subscription.

THIS suit was brought on an account for money paid for the use of defendant—money due on note, and money due on subscription for building a church—before a justice of the peace, and taken by appeal to the Circuit Court of Adams county.

The jury found for the plaintiffs the amount of the note only.

Motion by plaintiffs for a new trial; motion overruled, and judgment entered for plaintiffs for thirty-one, fifty-hundredths dollars, amount of said note only. Plaintiffs excepted.

The plaintiffs read in evidence to the jury a promissory note of the defendant for thirty dollars.

And thereupon offered to read in evidence to the jury, after having proved the execution thereof by defendant, a subscription paper signed by the defendant, and others, by which defend-

ant bound himself to pay the sum of twenty dollars for the purpose of building a church in said county of Adams, for the use of the Christian Church, and then and there offered to follow up the same by proving by one Hudson that, at a meeting held in the neighborhood of the plaintiffs and defendant, the said plaintiffs were selected to get up said subscription paper, and collect the subscriptions, and also to act as a building committee in building said church. That plaintiffs, in pursuance of said selection, and on the faith of said subscriptions, did go on, and prior to the commencement of this suit, built and completed said church according to the terms of said subscription paper, and did, in so building said church, and upon the faith of said subscriptions, become personally liable in a large sum of money.

But the court refused either to let such subscription paper be read in evidence, or to permit said testimony to be given, to which plaintiffs excepted.

Plaintiffs then proved that after said subscription paper was signed by the defendant, and before the commencement of said suit, defendant admitted to the witness, who was agent for plaintiffs to collect said subscription, that he subscribed twenty dollars to build said church, and that he would pay it, but would not give his note therefor.

Plaintiffs also offered to prove by said witness, Hudson, that at the time defendant subscribed to build said church, he well knew that plaintiffs had been selected to build said church, and that they were the persons to whom such subscriptions were to be paid; and, also, that at the time defendant promised to pay said subscription, he well knew that plaintiffs had become personally liable on the faith of such subscriptions for the building of said church. But the court refused to permit said facts to be proven, and the plaintiffs excepted.

Plaintiffs then proved that defendant had recently said that if plaintiffs had not sued him he would have paid his subscription.

The plaintiffs asked the court to instruct the jury—

That if they believed, from the evidence, that defendant subscribed twenty dollars to build said church, and that plaintiffs, on the faith of such subscriptions, built said church, and became personally liable therefor, they should find for the plaintiffs as to such subscriptions.

The court refused to give said instruction, and thereupon instructed the jury for the defendant, that they must find for the defendant as to the subscription, unless they believed from the evidence that defendant promised to pay the same to plaintiffs, and that there was no such evidence in the case.

The errors assigned are, that the court erred in refusing to

permit the plaintiffs to give the evidence offered by them to the jury; in refusing to give plaintiffs' instructions; in giving instructions for the defendant; and in giving judgment for the defendant as to the amount of his subscription.

BUCKLEY & DELANO, for Plaintiffs in Error.

BREESE, J. There can be no doubt in this case as to the law. It is well settled that when a person subscribes, with others, a sum of money to carry on some common project, lawful in itself, and supposed to be beneficial to the projectors, and money is advanced on the faith of the subscription, an action for money paid, laid out and expended, may be maintained to recover the amount of the subscription, or such portion of it as will be equal to the subscriber's portion of the expense incurred. *Holmes* v. *Dana*, 12 Mass. 190; *Farmington Academy* v. *Allen*, 14 ib. 172; *Bryant* v. *Goodenow*, 5 Pickering, 228; *Robertson* v. *March*, 3 Scam. 198.

Numerous other cases to the point might be cited. They all proceed upon the principle that a person making a promise upon the strength of which other persons advance money, or furnish labor or materials, is bound in good faith to fulfill the obligation, the party paying the money or furnishing the labor and materials having a right to rely on such subscription.

The court trying this case should have received the evidence relating to the subscription, and also the defendant's admissions, and should have given the instruction asked by the plaintiff. Because the evidence was rejected and the instruction refused, the judgment of the court below is reversed, and the cause remanded for further proceedings, in conformity to this opinion.

*Judgment reversed.*