## GEORGE W. PRICE

*v.*

## SCHOOL DIRECTORS, ETC.

1. CHARITABLE USES—*donations to.* A donation of land for a site for a school house, is a donation to a charitable use, and equity will supply all defects of conveyance.

2. SPECIFIC PERFORMANCE—*promised donation.* A person who makes a promise, upon the strength of which others are induced to expend labor or material, is bound in good faith to keep his promise.

3. LACHES—*bad faith.* One whose promises have induced others to act upon them, under belief they would be kept, can not impute *laches* to others in not discovering his bad faith.

4. ESTATES UPON CONDITION—*colored pupils in schools.* P having offered to donate a site for a school house, by a vote of the district, his offer was accepted, and building commenced. P then filed for record a deed to the district, of the site, but limited the use of the donation to *white* children only, with a forfeiting clause. On a bill to reform the deed according to the original donation, *held,* that whether white pupils and colored are, by law, now to occupy the same or different buildings, or not, a forfeiting clause in case colored children are admitted, can not be added to a conveyance of the site, when not embraced in the original offer.

APPEAL from the Circuit Court of McLean county; the Hon. JOHN M. SCOTT, Judge, presiding.

Messrs. WILLIAMS & BURR, for the appellant.

Mr. W. H. HANNA, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

George W. Price, and two other persons, having each offered to donate a site for a school house in the above named school district, an election was held in the district, for a site for a school house, and a majority of the legal voters of the district voted for the site offered by the said Price.

On the day of the date of the deed in question, one of the school directors of the district met Price and informed him they had commenced the erection of a school house on said site, and wished him to go back and get his wife, and take her to town with him, and make them a deed that day. Price then inquired what he should do with the deed, and was told to leave it with the recorder for record. Price then went back for his wife, and had the deed made out, and left it, as soon as it was made, with the recorder.

The directors did not see the deed until several weeks after it was made, and then the house was up and partly finished. The house was built very fast after it was commenced; was built in about six weeks, and cost about $1800.

The deed was found to have in it the following condition, immediately after the description of the land, viz:

"Which tract of land is hereby conveyed for school purposes, for the benefit of white people only; and when the said land ceases to be used for such purposes, then the title to the same shall revert to us."

On discovery of the condition, the same director informed Price that the school directors were dissatisfied with the condition, and requested him to alter it, which he refused to do.

This bill was filed to correct the deed as to that condition. The part of it as to the land reverting when it should cease to be used for school purposes, is not complained of; that was made and assented to as a condition of the donation. It is objected to the relief prayed, that a court of equity will not correct a voluntary deed. But this is a donation to a charitable use, and in such a case a court of equity will supply all defects of conveyance. 2 Story's Eq. Ju. sec. 1171. Besides, it is a principle that, a person making a promise, upon the strength of which other persons advance money or furnish labor or materials, is bound in good faith to fulfill his agreement, the party paying the money or furnishing the labor and materials, having a right to rely on such promise. *Pryor et al.* v. *Cain*, 25 Ill. 292.

The restriction of the benefits of this school site, and the school house to be erected thereon, to a particular class of persons, was not agreed upon, or even talked of, between the parties. To foist into the deed an objectionable condition, unbeknown to the other party, was an act of bad faith.

It was the duty of Price to execute such a deed as had been agreed upon; and after putting in the deed such an unwarranted condition, he should at once have notified the school directors of the fact, so that if it was not acceptable to them, they might have had the opportunity to relinquish the site; and he should not have suffered them, in ignorance of the kind of deed that had been made, to be led on to make expenditures

in the erection of the school house, in the reliance that he had made such a deed as he had promised to do.

Another objection urged is, that the school directors should have examined the deed before proceeding with the building of the school house, and were guilty of neglect in not doing so.

Why should the school directors have distrusted Price? Why might they not repose with confidence in his promise, that he would make the deed and leave it with the recorder? And did ordinary prudence require of them anything more than to know that he had executed a deed? Can negligence be imputed to them for not suspecting Price of bad faith, and in not examining his deed, to see if he had not wrongfully made one of a different import from that which he had promised to make? Price himself can hardly be received to say this. The faulty conduct is rather in his not communicating the fact that he had violated his promise in the making of the deed.

Again, it is said that this condition is but in accord with the law, which contemplates that there shall be separate schools for white and black children. However that may be, the law is liable to be changed, and any provision of law may be different at a future time; but a condition in a deed is unchangeable, except by the consent of the parties.

We perceive no error on the part of the court below in decreeing that the appellant should make a deed divested of the objectionable condition, and in conformity with his agreement, and its decree is affirmed.

*Decree affirmed.*

Mr. JUSTICE SCOTT took no part in this decision.