## MARY L. PRATT, Admx. etc.

*v.*

## THE TRUSTEES OF THE BAPTIST SOCIETY OF ELGIN.

93  475
164  185
93  475
79a  455
93  475
177  292

1. PRACTICE IN SUPREME COURT—*points in reply brief.* Ordinarily, except for good cause shown, this court is not disposed to consider a point raised and discussed by the appellant's counsel for the first time in his reply brief; but where an estate of a deceased person is sought thereby to be protected, the court is disposed to hold a less inflexible rule, and to consider the point, if it goes to the merits, after allowing the opposite party to be heard upon it.

2. SAME—*specific objection below.* It is sufficient that an objection taken in the circuit court embraces the question presented in this court, when it does not affirmatively appear that it was not considered in the court below or discussed.

3. SUBSCRIPTION—*must have a consideration.* Where notes are given by way of voluntary subscription to raise a fund, or to promote an object, they are open to a defence of a want of consideration, unless money has been expended, or liabilities incurred on the faith of the promise, which by a legal necessity must cause loss or injury to the person expending money, or incurring liability, if the notes are not paid.

4. In the absence of any one claiming rights as a *bona fide* assignee before maturity, promissory notes given for money with which to purchase a church bell, are not in any material respect different from an ordinary subscription, whereby the subscriber agrees, under his hand, to pay so much in aid of a church, school, etc., where there is no corresponding undertaking by the payee.

5. The promise in such case stands as a mere offer, and may, as a necessary consequence, be revoked at any time before it is acted upon. It is the expending of money, etc., or incurring of legal liability on the faith of the promise, which gives the right of action, and without this there is no right of action.

6. SAME—*when revoked by promisor's death.* A note given by a person to the trustees of a church, to enable them to procure a bell, is a mere offer until acted upon, as till then there is no mutuality, and being only an offer, and susceptible of revocation at any time before being acted upon, it follows that the death of the promisor before the offer is acted upon is a revocation of the offer, and the note can not be collected though a bell is purchased after his death.

APPEAL from the Circuit Court of Kane county; the Hon. HIRAM H. CODY, Judge, presiding.

Mr. H. T. GILBERT, and Mr. W. J. BROWN, for the appellant.

Mr. J. H. MAYBORNE, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellees obtained judgment in the county court of Kane county against Mary L. Pratt, as administratrix of the estate of Philemon B. Pratt, deceased, on two promissory notes executed by the deceased to the appellees on the 6th of July, 1871,—one for $300, payable one year after date, and the other for the sum of $327.50, payable two years after date, and both bearing interest at the rate of ten per cent per annum. Appeal was taken from that judgment to the circuit court of Kane county, where the cause was again tried at its October term, 1876, resulting, as before, in a judgment in favor of appellees for the amount of the notes, principal and interest. Mary L. Pratt, administratrix, appeals from that judgment, and brings the rulings of the circuit court before us for review.

The defence interposed to the notes is, that they were executed without any valid consideration.

When the case was first argued, we determined, on the questions then considered, to affirm the judgment; but, on considering a petition for rehearing, we felt that the cause should be further heard, and accordingly we ordered a rehearing.

The question now to be passed upon was not considered on the first hearing of the case, and no notice was taken of it in the opinion we then filed, because it was not presented in the opening argument of counsel.

Ordinarily, except for good cause shown, we are not disposed to consider a point raised and discussed by appellant's counsel, for the first time, in his reply brief; but where, as here, an estate of a deceased person is sought thereby to be

protected, we are disposed to hold to a less inflexible rule, and to consider the point, if it go to the merits of the case, after allowing to the opposite side full opportunity to be heard upon it. That opportunity has now been allowed and availed of in the present case, and in our opinion the ends of justice require that the question discussed be considered, and a decision thereon rendered.

Whether this particular question was argued in the circuit court we can not, except by inference, and not even in that way satisfactorily, know. It is sufficient that the objection taken in the circuit court comprehends this question, and it does not affirmatively appear that it was not considered.

The question to be considered is, did Pratt's death revoke the promise expressed in the notes, no money having been expended, or labor bestowed, or liability of any kind incurred, prior to his death, upon the faith of that promise?

The purpose in giving the notes was to enable the church represented by appellees to purchase a bell. The cost of a bell of a particular size, etc., was estimated by Pratt, and he gave his notes for the amount of the estimate, intending that when the notes were paid the money should be devoted to paying for such a bell, and when the notes matured, at Pratt's suggestion to let them stand, because, as he alleged, bell metal was getting cheaper, and they would thereby be enabled to procure a larger bell, no effort was made to collect the notes, and they were permitted to remain just as they were; but there was no undertaking on the part of appellees, nor the church which they represent, to procure a bell, and there is no proof of any act done, or liability incurred by appellees, or any one else, in reliance upon those notes, before the death of Pratt. It is shown that a bell has been procured, and probably there is evidence sufficient to show that this has been done on the faith of those notes, but it appears with reasonable certainty that this has been since Pratt's death. If a contract therefor was made in Pratt's lifetime, the record unfortunately does not show it. Collection of the notes can

478       PRATT, ADMX. *v.* TRUSTEES, ETC.     [Sept. T.

Opinion of the Court.

not be enforced as a promise to make a gift. *Pope* v. *Dodson*, 58 Ill. 360; *Blanchard* v. *Williamson*, 70 id. 652.

Where notes are given by way of voluntary subscription, to raise a fund or promote an object, they are open to the defence of a want of consideration, unless money has been expended, or liabilities incurred which, by a legal necessity, must cause loss or injury to the person so expending money, or incurring liability, if the notes are not paid. Parsons on Bills and Notes, vol. 1, p. 202; 1 Pars. on Conts. 377, *et seq.*

And so it has been held that the payee of a promissory note given to him in the expectation of his performing service, but without any contract binding him to serve, can not maintain an action upon it. *Hulse* v. *Hulse*, 17 C. B. 711, (84 Eng. Com. Law, 709.)

In the absence of any one claiming rights as a *bona fide* assignee before maturity, it is not perceived that promissory notes, executed as these were, are, in any material respect, different from an ordinary subscription whereby the subscriber agrees under his hand, to pay so much in aid of a church, school, etc., where there is no corresponding undertaking by the payee.

The promise stands as a mere offer, and may, by necessary consequence, be revoked at any time before it is acted upon. It is the expending of money, etc., or incurring of legal liability, on the faith of the promise, which gives the right of action, and without this there is no right of action. *McClure* v. *Wilson*, 43 Ill. 356, and cases there cited; *Trustees* v. *Garvey*, 53 id. 401; *Baptist Educational Soc.* v. *Carter*, 72 id. 247.

Being but an offer, and susceptible of revocation at any time before being acted upon, it must follow that the death of the promisor, before the offer is acted upon, is a revocation of the offer. This is clearly so upon principle. The subscription or note is held to be a mere offer, until acted upon, because until then there is no mutuality. The continuance of an offer is in the nature of its constant repetition, which necessarily requires some one capable of making a

repetition.  Obviously this can no more be done by a dead man than a contract can, in the first instance, be made by a dead man.

If the payees named in the notes may be held agents of the promisor, with power to contract for work to be done and money expended upon the faith of the notes, the case of *Campinari* v. *Woodburn*, 15 C. B. 400, (80 Eng. Com. Law, 400,) is directly in point, and holds that the death of the promisor was a revocation of the agency.  In that case the plaintiff alleged that it was agreed between him and the defendant's intestate that he should endeavor to sell a certain picture, and that if he succeeded the intestate should pay him £100; that he did so endeavor while the testator was alive, and through the efforts then made was enabled to effect a sale after the testator's death, but that the defendant had refused to pay £100.  The count was held not to show a cause of action.  JERVIS, C. J., said that if the testator had countermanded the sale, he clearly would not have been liable for commissions, although the plaintiff might have recovered for services already rendered and charges and expenses previously incurred.  *A fortiori* the defendant was not responsible when the revocation proceeded from the act of God.

An analogous case is *The Michigan State Bank* v. *Leavenworth*, 2 Williams (Vt.) 209, where it was held that the operation of a letter of credit was confined to the life of the writer, and that no recovery can be had upon it for goods sold or advances made after his death.

The question that has been raised, in somes cases, whether a party acting in good faith upon the belief that the principal is alive, may recover, does not arise here, as there is nothing in the evidence to authorize the inference that the bell here was purchased under the belief that Pratt was still alive.

We are of opinion, on the record before us, the judgment below was unauthorized.  It must therefore be reversed and the cause remanded.

*Judgment reversed.*