Vierling v. Horton.

FRANK C. VIERLING

v.

OLIVER H. HORTON.

*Negotiable Instruments—Note—Consideration—Subscription to Mission Church.*

A promissory note given in payment of a subscription, or to satisfy a promise of a subscription, to the funds of a mission church, is upon a valuable consideration. If such note is discounted and the proceeds used for the purpose for which the subscription was given, the maker can not defend on the ground of failure of consideration.

[Opinion filed September 18, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Mr. GEORGE R. GRANT, for appellant.

Messrs. HOYNE & FOLLANSBEE, for appellee.

MORAN, P. J. This action was commenced by appellee against appellant to recover on a promissory note for $416, made by appellant and payable to the order of Samuel A. Kean, and which was duly assigned to appellee. The case was submitted to the court without a jury, and the finding was against the appellant for the amount of the note and interest thereon to the date of the judgment. The defense of the appellant was that there was no consideration for the note, and that appellee held said note merely as trustee.

It appeared from the evidence that Kean was soliciting subscriptions in behalf of what was known as the Halsted Street Mission, and that appellant promised to give five hundred dollars to the fund. He gave his note for that amount and afterward paid $100 in cash, and took up the first note by giving the note in suit. The money was used for current expenses of the mission; Kean discounted the note at the bank of Preston, Kean & Co., and expended the proceeds in support of the mission.

It has been repeatedly decided that where one promises a subscription for the support or erection of a church, school or other religious, educational or charitable institution, and money is advanced by another on the faith of such promise or subscription, an action may be maintained to recover the amount so promised or subscribed.

It follows that a promissory note, given as a subscription or to satisfy a promise thus made, is given on a valuable consideration, and that if the note is discounted and the proceeds used for the purpose for which the subscription is given, the maker of the note can not defend against it on the ground that no consideration moved to him for its execution. Byron v. Cain, 25 Ill. 263; McClure v. Wilson, 48 Ill. 356; Pratt, Adm'r, v. Trustees, 93 Ill. 475.

There is some conflict in the evidence on the point as to whether the promise was made, but we think the evidence clearly supports the finding of the court.

There was no error in rendering the judgment, and it must therefore be affirmed.

*Judgment affirmed.*