THE ESTATE OF MARY BEATTY, Deceased,

*v.*

THE WESTERN COLLEGE OF TOLEDO, IOWA.

*Opinion filed December 21, 1898.*

1. BILLS AND NOTES—*note to become due on death of maker is not a testamentary instrument.* A note payable on or before a certain day, and providing that it shall become due in case of the death of the maker before the maturity thereof, is a promissory note, and not a testamentary instrument requiring the formalities of a will.

2. SAME—*recital of consideration for note does not affect its negotiable character.* The fact that a note recites the consideration for an unconditional promise to pay, and states the object for which the money is to be expended, does not affect its negotiable character.

3. SAME—*note intended as a gift is without consideration.* A promissory note intended by the maker as a gift or donation to the payee is without consideration and may be revoked at any time, or the want of consideration be shown in defense to an action thereon, in the absence of any element of estoppel.

4. SAME—*maker of note intended as a gift may be estopped to deny consideration.* One who executes a promissory note to an educational institution intending to donate the amount toward the erection of

a college building, is estopped to raise the defense of want of consideration after the institution has expended money and incurred liabilities to that end on the faith of the promise; nor can the defense be interposed by the donor's personal representatives.

5. GIFTS—*a promise by donee to do certain act does not invalidate gift.* To constitute a gift of money *in presenti* there must be an absolute delivery, without conditions as to the vesting of title; but a promise by the donee not constituting a condition of delivery of title, but consistent with it, such as the payment of interest or annuities, does not invalidate the gift.

6. SAME—*when deposit of money constitutes an absolute gift.* A deposit of money with a college "for the benefit of and to become and be the property of" the college, "and to be used as the board of trustees or executive committee thereof may direct," in consideration of the payment to the depositor of a specified annuity, is an executed absolute gift of the money, the provision for annuity merely giving a right of action for such annuity in case of non-payment.

*Miller et al.* v. *Western College of Toledo,* 71 Ill. App. 587, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Bureau county; the Hon. DORRANCE DIBELL, Judge, presiding.

Mary Beatty lived in her lifetime at Dover, Bureau county, Illinois. She died testate on December 7, 1893, at the age of about seventy-four years. By her will she made Jacob Miller and Darius F. Fay executors, to whom letters testamentary were issued on January 5, 1894, by the county court of Bureau county, where her will was admitted to probate. On March 20, 1894, the appellee filed a claim against the estate of Mary Beatty in said county court, which claim was the note hereinafter described. The matter of the claim was subsequently taken by appeal to the circuit court of Bureau county. In the county court, and in the circuit court, appellants, as executors of the estate of Mary Beatty, filed the certificates hereinafter described as a set-off against the claim of the appellee. The case was tried in the circuit court before the court and a jury. Testimony was taken, and instructions were given by the court, and the trial resulted in

verdict and judgment for the appellee for the sum of $6361.00 against the estate of Mary Beatty to be paid as a claim of the seventh class. An appeal was taken from this judgment to the Appellate Court, and the judgment has been there affirmed. The present appeal is from such judgment of affirmance.

The note, filed as a claim against the estate of the deceased, is as follows:

"$7000.00.                              DOVER, ILL., *Dec. 9, 1887.*

"In consideration of a desire to aid the cause of christian education, and the privilege of sending one student four years free of tuition I promise to pay to the order of the treasurer of Western College, of Toledo, Iowa, for the erection of the Ladies' Boarding Hall of said college on or before the first day of December, 1910, the sum of seven thousand dollars, without interest: *Provided,* that in the event of my death before the maturity of this note, it shall become then due.

"P. O. Dover, County Bureau, State Ill.

MARY BEATTY.

"Witness, H. H. Maynard, W. M. Beardshear."

The certificates, filed by the appellants as a set-off to the claim of appellee, are as follows, to-wit:

"In consideration of the agreement on the part of Western College, of Toledo, Iowa, that it will keep up and maintain its college and increase its facilities for a christian education, and in further consideration of the payment to Mrs. Mary Beatty of one hundred eighty-seven and $\frac{50}{100}$ dollars each and every year of her natural life, the first payment to be made one year from the date hereof, the said Mrs. Mary Beatty has deposited with the said Western College the sum of twenty-five hundred dollars for the benefit of and to become and be the property of said Western College, and to be used as the board of trustees or executive committee thereof may direct.

"Witness my hand, this 6th day of August, 1889.

"$187.50.                              L. H. BUFKIN, *Treasurer.*"

And on the back thereof appears the following, to-wit:

"We hereby guarantee the payment of the within annuity.— L. H. Bufkin, M. S. Drury.

"Aug. 6, 1890, paid one year's annuity.

"Oct. 9, 1891, paid one year's annuity."

"In consideration of the agreement on the part of Western College, of Toledo, Iowa, that it will keep up and maintain its college and increase its facilities for a christian education, and in further consideration of the payment to Mrs. Mary Beatty of fifty-two and $\frac{50}{100}$ dollars each and every year of her natural life, the first payment to be made one year from the date hereof, the said Mrs. Mary Beatty has deposited with the said Western College the sum of seven hundred dollars for the benefit of and to become and be the property of said Western College, and to be used as the board of trustees or executive committee thereof may direct.

"Witness my hand this 4th day of April, 1889.
"$52.50.                               L. H. BUFKIN, *Treasurer.*"

And on the back thereof appears as follows:

"We guarantee the payment of the within annuity.—L. H. Bufkin, M. S. Drury.

"April 4, 1890, paid within year's annuity.

"April 4, 1891, paid on the year's annuity.—Mary Beatty.

"April 15, 1892, paid one year's annuity."

"In consideration of the agreement on the part of Western College, of Toledo, Iowa, that it will keep up and maintain its college and increase its facilities for a christian education, and in further consideration of the payment to Mrs. Mary Beatty of two hundred sixty-two and $\frac{50}{100}$ dollars each and every year of her natural life, the first payment to be made one year from the date hereof, the said Mrs. Mary Beatty has deposited with the said Western College the sum of thirty-five hundred dollars, for the benefit of and to become and be the property of said Western College, and to be used as the board of trustees or executive committee thereof may direct.

"Witness my hand, this 16th day of November, 1888.
"$3500.00.                              L. H. BUFKIN, *Treasurer.*"

And on the back thereof appears the following, to-wit:

"We hereby guarantee the payment of the annuity to Mrs. Mary Beatty according to the terms of the within certificate.—L. H. Bufkin, M. S. Drury, W. M. Beardshear.

"Received on the within, $262.50, Dec. 5, 1889.—Mary Beatty.

"Received on the within, $262.50, Dec. 5, 1890.—Mary Beatty.

"Paid on the within, $262.50 by note dated Nov. 16, 1891."

Appellants also introduced as a part of their chain of set-off, a note for $262.50 given for one of the install-

ments of interest or annuity due upon the certificate for $3500.00, which note is as follows, to-wit:

"$262.50.                    TOLEDO, IOWA, *Nov. 16, 1891.*

"One year after date, for value received, I promise to pay to Mary Beatty or order, at Dover, Ill., two hundred and sixty-two and ₁⁵₀⁰⁰ dollars, with interest thereon at eight per cent per annum from date, until paid.        WESTERN COLLEGE,

By J. S. MILLS, *Pres.*

J. S. MILLS,

M. S. DRURY."

The appellee is a college located at Toledo in the State of Iowa, and is under the management of the denomination, known as the United Brethren in Christ. Prior to December, 1887, the college had commenced the erection of a building to be known as the "Ladies' Boarding Hall" of the college, and had expended upon the stone foundation thereof the sum of $2000.00, donated to it by a man in Ohio, named Dodds. In December, 1887, representatives of the college appealed to the deceased, Mary Beatty, at her home in Dover, Illinois, for a donation of $10,000.00 to complete the erection of said hall, she being a member of the denomination to which the college belonged. On December 9, 1887, she was visited by H. H. Maynard, a soliciting agent of the college, and W. M. Beardshear, president of the college. On December 3, 1887, she had given to Maynard $500.00 in cash, a note for $1500.00 payable on or before December 3, 1890, and a note for $5000.00 of like tenor with the note for $7000.00 above set forth. On December 9, 1887, she destroyed the $5000.00 note, and gave to Maynard and Beardshear the $7000.00 note above described, and also a short time note for $1000.00. The note for $1500.00 and the $500.00 in cash were allowed to remain in their hands. The two notes for $1000.00 and $1500.00 were paid before July 10, 1888, making $3000.00 in cash received from the deceased by the college up to the latter date. Nothing was paid by the deceased upon the note for $7000.00 during her lifetime. But she paid the $6700.00 named in the three cer-

tificates at the respective dates thereof, to-wit, $3500.00 November 16, 1888; $700.00 April 4, 1889; and $2500.00 August 6, 1889. A contract was let for the construction of the building upon the foundation already referred to in the latter part of July, 1888. The building was finished and dedicated on September 4, 1889, after the amounts named in said certificates had been paid in full. The evidence showed that nearly all, if not all, of the $6700.00 mentioned in the certificates was used in the construction of the building. The proof also shows, that the $3000.00 paid before July 10, 1888, was used in the construction of said building.

SCOTT & DAVIS, and GEO. S. SKINNER, for appellants:

One's own promissory note to another, without any valuable consideration, cannot be made the subject of a gift or donation. It is merely a promise to make a gift, and therefore cannot be enforced, either in the lifetime of the promisor or against his estate after his death. *Pope* v. *Dodson*, 58 Ill. 363; *Blanchard* v. *Williamson*, 70 id. 652; *Williams* v. *Forbes*, 114 id. 171; *Richardson* v. *Richardson*, 148 id. 572; *Arnold* v. *Franklin*, 3 Ill. App. 141; *Pearson* v. *Pearson*, 7 Johns. 26; *Hamor* v. *Moore*, 8 Ohio, 239; *Fink* v. *Cox*, 18 Johns. 148; *Trustees* v. *Stewart*, 1 N. Y. 582.

Provisions of the Statute of Wills cannot be evaded by the making of a promissory note intended as a testamentary bequest merely, and if a person makes a note or written contract, intending thereby to make a gift or donation of the same to take effect after death, such note or contract is invalid. *Olney* v. *Howe*, 89 Ill. 559; *Graves* v. *Safford*, 41 Ill. App. 659; *Cline* v. *Jones*, 111 Ill. 569; *Barnum* v. *Reed*, 136 id. 388; *Comer* v. *Comer*, 120 id. 420; *Forbes* v. *Williams*, 15 Ill. App. 307; *Williams* v. *Chamberlain*, 165 Ill. 210; *Nutt* v. *Morse*, 142 Mass. 1; *Gammon Seminary* v. *Robbins*, 128 Ind. 91; *Harris* v. *Clark*, 3 N. Y. 121.

An instrument in any form, if the obvious purpose is not to take place till after the death of the maker, oper-

ates as a will.  *Robinson* v. *Brewster,* 140 Ill. 650; *Habergham*
v. *Vincent,* 2 Ves. Jr. 230; *Frew* v. *Clark,* 80 Pa. St. 178.

If the gift does not take effect as an executed and
complete transfer to the donee of possession and title,
either legal or equitable, during the lifetime of the donor,
it is a testamentary disposition, good only if made and
proved as a will.  *Basket* v. *Hassell,* 107 U. S. 609; *Williams*
v. *Chamberlain,* 165 Ill. 219; *Warriner* v. *Rogers,* 6 Moak, 781.

A note made and delivered without consideration, and
intended as a gift or donation, can be revoked at any
time, and death revokes the promise.  Such gifts are
upheld only on the ground of estoppel under particular
facts, and not by reason of any good ground of consider-
ation in the original undertaking.  *Pratt* v. *Trustees,* 93 Ill.
475; *Simpson College* v. *Tuttle,* 71 Iowa, 596; *Beach* v. *M. E.
Church,* 96 Ill. 180.

A gift, to be valid, must be accepted on the exact
terms proposed by the donor.  If accepted as conditional
the donee will be bound by its conditional terms.  *Armi-
tage* v. *Widoe,* 36 Mich. 134; Thornton on Gifts, sec.89.

Money paid over on an unperformed condition prece-
dent can be recovered back in an appropriate action.
2 Schouler on Personal Prop. sec. 128; *Keller* v. *Albrecht,*
67 Wis. 282.

To constitute a valid gift *inter vivos,* it requires a full,
unqualified and unconditional renunciation of title by the
donor and the acquisition by the donee of an absolute
and unconditional title, accompanied by an actual deliv-
ery of the subject matter of the gift.  If the gift is evi-
denced by a written instrument, by means of which the
donor could, under any circumstance, be entitled to the
return of the money or its equivalent, then the gift is in-
effectual.  *Rosenburg* v. *Rosenburg,* 40 Hun, 91; 2 Schouler
on Personal Prop. secs. 81, 88, 131-134; *Curry* v. *Powers,* 70
N. Y. 212; *Young* v. *Young,* 80 id. 430; *Selleck* v. *Selleck,* 107
Ill. 389; *Telford* v. *Patton,* 144 id. 627; *In re Wirt,* 5 Dem. 179;
8 Am. & Eng. Ency. of Law, pp. 1313, 1314, secs. 1-3.

OWEN G. LOVEJOY, for appellee:

Where the payment is made to depend upon an event certain to arrive and uncertain only in regard to the time it will take place, the note or contract is valid.   *Cook* v. *Colehan*, Willes, 396;  Edwards on Bills, sec. 142.

Notes and contracts may be made payable on any event, however remote, which must inevitably happen some time or other.   Thus, they may be payable on the death of a certain person.   (*Roffey* v. *Greenwell*, 2 P. & D. 365;  11 A. & E. 222.)   Or "on demand after my decease." (*Bristol* v. *Warner*, 19 Conn. 7.)   Or "one day after date or at my death."   *Conn* v. *Thornton*, 46 Ala. 587;  1 Randolph on Com. Paper, sec. 113.

The accomplishment of the object for which money is subscribed to an educational institution is sufficient to support the note.   *Roche* v. *Roanoke Seminary*, 56 Ind. 198.

A subscription note is binding.   *Parsonage Fund Trustees* v. *Ripley*, 6 Me. 442.

A note executed to an educational institution as a gift is not without consideration, if upon the strength of it the institution has assumed responsibilities and incurred liabilities. *Simpson College* v. *Bryan*, 50 Iowa, 293.

Where an act on which an estate or right depends does not necessarily precede the vesting of the estate or right, but may accompany or follow it, the condition is a condition subsequent, and not a conditional limitation.   *Chicago* v. *Railroad Co.* 105 Ill. 73;  3 Pet. 374.

A court of equity, as a rule, will never lend its aid to divest an estate for a breach of a condition subsequent, but where compensation can be made in money it will relieve against such forfeiture and compel the receipt of compensation in money.   *Gallaher* v. *Herbert*, 117 Ill. 160; 4 Kent's Com. 130;  2 Story's Eq. Jur. secs. 13-15, *et seq.*

An estate is vested when there is an immediate right of present enjoyment or a present fixed right of future enjoyment.   It gives a legal or equitable seizin.   *Scofield* v. *Olcott*, 120 Ill. 362.

A condition attached to the delivery would invalidate a gift, but a promise of the donee not constituting a condition of delivery or title, but consistent with it, will not have that effect. *Hills* v. *Hills*, 8 M. & W. 404; *Blount* v. *Burrow*, 4 Brown's Ch. 72; *Doty* v. *Wilson*, 47 N. Y. 580.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

In this case, the appellants claim that the note for $7000.00, filed as a claim against the estate of Mary Beatty, was without consideration, and was a mere promise to make a donation or gift to the college of the sum evidenced by said note after the death of the donor, and, as such, was testamentary in its nature, and in violation of the Statute of Wills, and, therefore, of no binding force or validity, and not a legal claim against the estate of the deceased. Appellants also claim, that the sum of $6700.00, represented by the three certificates set forth in the statement preceding this opinion, was only deposited conditionally with appellee, and was only to become the money of the appellee upon the performance of the conditions set forth on the face of the instruments; that such conditions are conditions precedent, and were to be performed before the title to the money could vest in the appellee; that, when Mary Beatty died, installments of money were due to her on each of said certificates, payment of which had been demanded of the appellee in the lifetime of the deceased, and had been refused; and that, thereby, the appellee had forfeited its right to retain the $6700.00 deposited with it. Appellants also insist, that the sums constituting the $6700.00 were not complete and executed gifts, and that the title to the money did not vest in the appellee, because it was deposited conditionally; and that, therefore, the gift was not complete at the death of Mary Beatty and was revoked by her death.

On the other hand, the appellee claims, that the note for $7000.00 is supported by a good and sufficient consid-

eration; that it is not testamentary in character and is a valid claim against the estate; also, that the sums of money, amounting to $6700.00 and represented by the certificates, were executed gifts of such money to appellee; that the title thereto vested in the appellee before the donor's death. Appellee, however, admits that the note for $262.50 with interest thereon, and the unpaid installments of interest or annuity due upon the certificates, together with interest thereon, should be deducted from the face of the note for $7000.00 and interest thereon at five per cent from the death of Mary Beatty. The judgment rendered was made up in the way thus indicated.

The instructions, given by the trial court for the appellee, substantially embodied the theory and contention of the appellee, as thus stated. The instructions, asked by the appellants and refused by the trial court, embodied the theory and contention of the appellants, as above set forth. We deem it unnecessary to make any more detailed statement of the propositions embodied in the instructions on both sides.

Several objections are urged against the note for $7000.00, which cannot be regarded as tenable. In *Dorsey* v. *Wolff*, 142 Ill. 589, we said that, in general terms, a promissory note "may be defined to be a written promise by one person to pay to another person therein named or order a fixed sum of money at all events, and at a time specified therein, or at a time which must certainly arrive." The note for $7000.00 substantially corresponds with this definition. It is not invalid because made payable on or before the first day of December, 1910. In *Dorsey* v. *Wolff*, *supra*, we said: "A note is none the less negotiable because it is made payable on or before a named date." The note promises to pay the $7000.00 "for the erection of the Ladies' Boarding Hall of said college." This language would seem to limit the purpose, for which the money, promised to be paid, is to be used. But the statement in a note of the consideration upon which it is

177—19

founded, or of the effect to be given to the payment, does not affect its negotiable character. (4 Am. & Eng. Ency. of Law,—2d ed.—p. 89; *Treat* v. *Cooper*, 22 Me. 203; *Chesney* v. *St. John*, 4 Upp. Can. App. 150; *Preston* v. *Whitney*, 23 Mich. 260; *Martin* v. *Lewis*, 30 Gratt. 672; *Ellett* v. *Britton*, 6 Tex. 229).

The fact, that the note is to become due in the event of the death of the maker thereof, does not make it invalid. In the recent case of *Shaw* v. *Camp*, 160 Ill. 425, we have held, that a promissory note may be made payable on the death of a certain person, or at a fixed time thereafter, or on demand after such death. Where a note is to become due on the death of the maker, it becomes due upon the happening of an event which is certain to occur, and, therefore, there is no such uncertainty in the time of payment as makes the note invalid. A note payable "on demand after my decease" has been held to be valid. (*Bristol* v. *Warner*, 19 Conn. 7). A note payable "one day after date or at my death" has been held valid. (*Conn* v. *Thornton*, 46 Ala. 587; 1 Randolph on Commercial Paper, sec. 113). The mere fact, that a note is payable upon the death of the maker, or at a certain day after the death of the maker, does not make it a testamentary paper, nor constitute it a will in such sense, as to require its execution in accordance with the Statute of Wills. It is an obligation to pay, and, being delivered to the payee as an evidence of debt, and being made payable to order, it is a promissory note. (*Bristol* v. *Warner*, *supra*).

In *Price, Admr.* v. *Jones*, 105 Ind. 543, it was insisted that a note, payable one day after the death of the maker, was invalid as being an attempt to make a testamentary disposition of property. The court there said: "There is no attempt to make a testamentary disposition of property, for the instrument contains no provisions resembling those of a will. It is a promise to pay money. It differs from an ordinary promise in the single particular

that it fixes the time of payment at a period subsequent to the promisor's death.    It is, nevertheless, a promise to pay money, absolutely and at all events, to a person named, and it has, therefore, all the essential features of a promissory note." (See also *Carnwright* v. *Gray*, 127 N. Y. 92).

In *Hageman* v. *Moon*, 131 N. Y. 462, it was held, that a promissory note, payable after the death of the maker, was valid, and that the objection, that it was of a testamentary character, and void because not executed in accordance with the Statute of Wills, was not well founded.

The theory, upon which these cases rest, is that the dispositions made by will are in the nature of gifts, but that such instruments, as are referred to in these cases, are made to carry out or perform obligations made and entered into by the makers thereof, and, therefore, are not, in their essence, wills, but are in the nature of contracts.    As contracts their validity does not depend upon their conformity to the requirements of the Statute of Wills, but to the requirements which are necessary in the making of valid contracts.    (Schouler on Wills, sec. 451; *Emery* v. *Darling*, 50 Ohio St. 160).

It is contended, however, that the note for $7000.00, filed as a claim in this case, was executed and delivered without any valid consideration to support it.    The note recites upon its face, that the maker thereof promises to pay "in consideration of a desire to aid the cause of christion education, and the privilege of sending one student four years free of tuition." It is unnecessary to discuss the question whether this note upon its face imports a consideration, or not.    The general rule is, that, when a note contains the words "for value received," the consideration is imported. (*Meyers* v. *Phillips*, 72 Ill. 460).    Whether this note, upon its face, imports a consideration or not, it is well settled that proof may be introduced to show the facts in regard to the consideration of the note.    The evidence tends to show, that the deceased availed her-

self of the privilege, specified in the note, of sending one student four years free of tuition. The certificate, embodying such privilege, was issued to Mrs. Beatty, and was made use of by a female student upon the order of Mrs. Beatty. We do not deem it necessary, however, to decide whether or not the privilege specified upon the face of the note, and the use of it made by the deceased, constituted a valid consideration. The proof tends to show, that the note for $7000.00 was a gift or donation to the college. Such a note partakes of the nature of a voluntary subscription to raise a fund, or promote an object. It is well settled, that a promissory note without consideration, and intended as a gift to the payee by the maker thereof, is but a promise to make a gift in the future, and is not enforcible. As a gift it is always revocable until it is executed, and is not executed until it is paid. "The promise stands as a mere offer and may, by necessary consequence, be revoked at any time before it is acted upon." (*Pratt* v. *Trustees,* 93 Ill. 475). In *Blanchard* v. *Williamson,* 70 Ill. 647, we said (p. 652): "If a party delivers his own promissory note as a gift, it is but a promise to pay a sum certain at a future day, and we are not aware such a promise can be enforced, either at law or in equity. It could not be enforced against the maker in his lifetime, and his representatives could defend against it on the ground there was no consideration." (*Shaw* v. *Camp, supra; Williams* v. *Forbes,* 114 Ill. 167; *Richardson* v. *Richardson,* 148 id. 563; *Pope* v. *Dodson,* 58 id. 360).

But, while such a note, amounting to a mere gift, is open to the defense of a want of consideration, yet that defense cannot be made to it, if money has been expended, or liabilities have been incurred, in reliance upon the note. If money has been expended, or liabilities have been incurred, which, by legal necessity, must cause loss or injury to the person, so expending money or incurring liability, if the note is not paid, the donor or maker thereof is, in good conscience, bound to pay; and the gift will

be upheld upon the ground of estoppel, and not by reason of any valid consideration in the original undertaking. We have said: "It is the expending of money, etc., or incurring a legal liability on the faith of the promise, which gives the right of action; and without this there is no right of action." (*Pratt* v. *Trustees*, 93 Ill. 475; *Beach* v. *First M. E. Church*, 96 id. 177; *Hudson* v. *Green Hill Seminary*, 113 id. 618).

In *Simpson Centenary College* v. *Tuttle*, 71 Iowa, 596, the Supreme Court of Iowa said: "Where a note, however, is based on a promise to give for the support of the objects referred to (founding a school, church or other institution of similar character), it may still be open to this defense, (want of consideration), unless it shall appear that the donee has, prior to any revocation, entered into engagements or made expenditures based on such promise, so that he must suffer loss or injury if the note is not paid. This is based on the equitable principle that, after allowing the donee to incur obligations on the faith that the note would be paid, the donor should be estopped from pleading want of consideration." (*Wesleyan Seminary* v. *Fisher*, 4 Mich. 514; *Amherst Academy* v. *Cowls*, 6 Pick. 427; *Roberts* v. *Cobb*, 103 N. Y. 600; *Johnston* v. *Wabash College*, 2 Ind. 555; *Roche* v. *Roanoke Classical Seminary*, 56 id. 198; *Simpson Centenary College* v. *Bryan*, 50 Iowa, 293; *Vierling* v. *Horton*, 27 Ill. App. 263; *Pryor* v. *Cain*, 25 Ill. 292; *M. E. Church* v. *Kendall*, 121 Mass. 528).

There was evidence in the case at bar tending to show, that the appellee expended money in the construction of the building, known as "Ladies' Boarding Hall," upon the faith of the promise made by the deceased as embodied in the note for $7000.00. It is true, that the money represented by the three certificates was all, or nearly all, used in the construction of the building. But the contract for the construction of it was let in the latter part of July, 1888, and the erection of the building was begun about August 1, 1888. This was some months prior to the

gift of the $3500.00 represented by the first certificate, dated November 16, 1888. The correspondence introduced in evidence, and the statements of many of the witnesses, show that the contract was let, and the work upon the building was begun and prosecuted, with the expectation that the deceased would advance money upon the note for $7000.00. It makes no difference, that she did not advance any money upon that note, but preferred to donate $6700.00, and take back certificates, which secured to her the payment of annuities thereon during her life. The instructions, given by the court to the jury, required them to find whether or not the college, during the lifetime of Mary Beatty, entered into a contract to build and erect, and did build and erect, and expend moneys, and incur liabilities in building and erecting the "Ladies' Boarding Hall" on the faith and strength of the note for $7000.00. The question as to the expenditure of such moneys and the incurring of such liabilities upon the faith and strength of the note was a question of fact, which was submitted to the jury by the instructions. The judgment of the circuit court in favor of appellee, and the judgment of the Appellate Court affirming the judgment of the circuit court, are final determinations of this question of fact so far as we are concerned. In the present state of the record, we are obliged to assume that the jury found in favor of such expenditures of money and the incurring of such liabilities on the part of the appellee. This being so, the appellee is entitled to its right of action, even if the note for $7000.00 was without consideration before it was thus acted upon. Upon this branch of the case, therefore, we are of the opinion that the courts below committed no error in holding the claim of appellee to be a valid claim.

As to the certificates, which were introduced by the appellants below as a set-off to the claim of the appellee, it is contended by appellants, that such certificates show a mere conditional gift, which was not executed in the

lifetime of the donor.   The theory of the appellants is, that there was no gift *in præsenti* of the money named in the certificates, because of the conditions annexed to the proposed gift; and that the donor could revoke the gift, because it was not absolute; and that the death of Mary Beatty did revoke it.   We are unable to give our assent to this theory.   The moneys, named in the certificates, were actually paid over by Mrs. Beatty to the college, as her donee, during her lifetime, and at the respective dates named in the certificates.   The money, which was the subject matter of the gifts, was actually delivered to the donee.   The certificates recite, that the moneys were paid "for the benefit of" the college, "and to become and be the property of" the college, and "to be used as the board of trustees or executive committee thereof may direct."   If the money was delivered to the college to be the property of the college, and to be used as the board of trustees of the college should direct, then the donor, Mrs. Beatty, parted with all her right to control it, and with her actual control over it.   The title to the money was vested in the college.   It is true, that the college agreed to pay to Mrs. Beatty an annuity, amounting to $7\frac{1}{2}$ per cent per annum, upon the sums mentioned in these certificates during her lifetime.   But the requirement of the payment of such annuities did not make the gift of the money conditional, or less absolute than it otherwise would have been.   If the payments of the annuities were conditions, they were in the nature rather of conditions subsequent than of conditions precedent.   A precedent condition is one, which must take place before the estate can vest, and which delays the vesting of the right until the event happens.   A subsequent condition is one, which operates upon an estate already created and vested, and renders it liable to be defeated.   (*Star Brewery Co.* v. *Primas*, 163 Ill. 652).   Where an act, on which an estate or right depends, does not necessarily precede the vesting of an estate or right, but may accompany it or follow

it, the condition is a condition subsequent. (*City of Chicago* v. *Chicago and Western Indiana Railroad Co.* 105 Ill. 73). Here, the payment of the annuities is not an act, which necessarily precedes the vesting of the estate or right to the money, but rather accompanies or follows it. A court of equity, as a rule, will not lend its aid to divest an estate for a breach of a condition subsequent. (4 Kent's Com.—8th ed.—marg. p. 130). "But where a compensation can be made in money, courts of equity will relieve against such forfeitures and compel the party to accept a reasonable compensation in money." (*Gallaher* v. *Herbert*, 117 Ill. 160). In the case at bar, the principal, named in the certificates, which was delivered to the college, will not be forfeited, but the college will be compelled, and, by the judgment in this case has been compelled, to pay to the appellants all of the unpaid annuities and interest thereon as compensation.

In *Doty* v. *Wilson*, 47 N. Y. 580, it was held that a gift was not necessarily invalid, because the right to call for six per cent interest was reserved; and it was there said that, if there was a gift of the money therein specified, "the title and control of the money immediately vested in the donee, and his promise to pay the donor six per cent in no degree affected such title or control. * * * The donor could never recover back the principal, nor in any manner control it, and it is not material to inquire whether he could recover the interest." In case of a gift *inter vivos* the delivery is absolute, and the title vests immediately. If a condition is attached to the delivery, it will invalidate the gift; but a promise of the donee, which does not constitute a condition of delivery of title, but is consistent with it, will not have the effect of invalidating the gift. (Ibid.) The case of *Doty* v. *Wilson*, *supra*, was approved in the case of *Young* v. *Young*, 80 N. Y. 422. In the latter case it was said, in discussing the question whether it is practicable to make a valid gift *in præsenti* of an instrument securing the payment of money,

reserving to the donor the accruing interest, and, if so, by what means such a gift can be made, that the object could be accomplished "by an absolute delivery of the security, which is the subject of the gift, to the donee, vesting the entire legal title and possession in him, on his undertaking to account to the donor for the interest which he may collect thereon." It was also said in the latter case: "If an absolute delivery of the bonds to the donee with intent to pass the title was made out, the donor reserving only the right to look to the donee for the interest, the transaction may be sustained as an executed gift." (*Gallaher* v. *Herbert, supra; Williams* v. *Evans,* 154 Ill. 98).

We are of the opinion that, in the present case, there was an executed gift to the college of the moneys named in the certificates, and that the reservation of an annuity to be paid to the donor did not invalidate the gift. The certificates were merely written evidence of the transaction, and, the money having been delivered to the college, the delivery of the certificates to the college was unnecessary. The absolute character of the gift is not in any way affected by the fact, that such certificates were retained by the donor, Mrs. Beatty. We concur with the Appellate Court, when they say in their opinion delivered in the decision of this case: "The deceased accepted the certificates and thereby bound herself by the terms thereof, and is given by them only a right of action against the appellee for the annuities, in case of nonpayment. The title to the money is effectually vested in the college, and to be used by it, thereby placing it beyond her power to reclaim."

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*