## S. M. Grubbs et al., Appellants, v. P. M. Kelly, Appellee.

1. CONTRACTS—*liability upon subscriptions to induce location of industrial enterprise.* A subscription contract entered into with trustees for the purpose of inducing the location of an industrial enterprise in a particular city when acted upon is valid and enforceable by such trustees.

2. CONTRACTS—*when performance not essential to recovery.* If a contract provide for payment in installments at definite times before performance, the performance of the contract need not be shown in order to recover such installments.

Action commenced before justice of the peace. Appeal from the Circuit Court of Montgomery county; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the May term, 1908. Reversed and remanded. Opinion filed May 19, 1909.

LANE & COOPER, for appellants.

JETT & KINDER, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action by appellants against appellee, for the recovery of the amount alleged to have been due under the terms of a certain instrument in writing hereinafter set forth.

The suit was instituted before a justice of the peace from whose judgment an appeal was taken to the Circuit Court, when the cause was tried by the court without a jury and judgment rendered against the plaintiffs in bar of action and for costs. The present appeal was then perfected by the plaintiff.

The evidence discloses the following facts, which are practically undisputed: In March 1903, a corporation known as the Litchfield & St. Louis Railway Company was organized for the purpose of constructing a belt railway around the southeastern portion of the city of Litchfield for the purpose of connecting four existing trunk lines, thus affording desirable locations for sites for manufactories which it was hoped might be induced to locate in said city. Before anything was done in the matter of constructing such belt line a proposition was received from the American Radiator Company to locate one of its plants in Litchfield. Negotiations were thereupon entered into between said company and a committee of twenty-one citizens appointed for that purpose by the Board of Trade, which resulted in a contract between the company and the committee whereby the company in consideration that a site therefor was furnished by the city and certain concessions and privileges to be granted agreed to erect and maintain one of its factories adjacent to the city.

At a public meeting of citizens, appellants were appointed as a committee to solicit subscriptions toward a fund to be used in securing a site for the proposed factory. Blank notes were prepared by the committee for this purpose and subscriptions obtained to the extent of $13,500. That executed by appellee which was

identical in form with the others, except as to date and amount, is in the words and figures following, to-wit:

"LITCHFIELD, ILL., May 27, 1903.

For and in consideration that the Litchfield & St. Louis Railway Co. shall build a belt railroad connecting the C C C & St L Railroad with the other trunk lines entering this city and shall cause to be erected by the American Radiator Company, on the line of said belt railroad, one of said American Radiator Company's manufacturing plants costing not less than $100,000 and employing at least two hundred men, the undersigned agree to pay to the order of S. M. Grubbs, J. A. Pappmeier and J. R. Paisley, as trustees, the sum of Fifty Dollars at Litchfield Bank & Trust Co. in the City of Litchfield, said sum to be due and payable in the following manner, to-wit: Twenty-five per cent of said amount to be paid when the contract with the American Radiator Company covering the location and erection of said manufacturing plant is signed and accepted, and deed for site placed in escrow, twenty-five per cent when work is commenced on said manufacturing plant, twenty-five per cent when said plant begins operations, and twenty-five per cent when said Belt Line Railway is completed, and if the first payment of twenty-five per cent shall not become due according to the terms of this note, by the first day of January, 1904, then this instrument to be null and void. If this note be not paid when due, I agree to pay a reasonable attorney's fee for the collection of the same.

P. M. KELLY."

The evidence further shows that the contract between the citizens committee and the Radiator Company for the location of the manufacturing plant was executed and accepted; that the deed for the site was placed in escrow with a trust company on December 22, 1903; that the plant was erected at a cost of over $100,000, and began operating in February, 1905, and that since October, 1905, there were from 280 to 320 men employed therein.

It further appears that at the time of the trial but

$6,000 had been paid upon the subscription referred to; that appellee had paid nothing upon the note in suit; that appellants and others had endorsed the notes of the Railway Company to the extent of $5,300, the proceeds of which were used to purchase the site for the radiator plant; that other obligations had been incurred in carrying out the contract with the Radiator Company; that but about seventy-five per cent of the amount subscribed was collectable; that the amount already collected was insufficient to pay the liabilities incurred, and that an additional sum of at least $5,000 would be necessary for that purpose. It still further appears that the obligations in question were incurred by appellants and others upon the strength of the subscriptions evidenced by the subscription notes in question.

That a note or contract of the character in question is valid and binding, and that when the subscription is made payable to a certain person or persons as trustees, and the terms of the subscription have been complied with, such trustee or trustees can recover thereon for the benefit of any one who has acted on the faith of the subscription, has long been well settled. Robertson v. March, 3 Scam. 198; Miller v. Ballard, 46 Ill. 377.

The real consideration upon which such a subscription stands is that money has been expended, material furnished or labor bestowed on the faith of the promise, and not any special benefit derived or anticipated by the promisor from the object for which the subscription is made (Pratt v. Trustees, 93 Ill. 475; Richelieu Hotel Co. v. Mil. Encamp. Co., 140 Ill. 248), and the subscription will be upheld upon the ground of estoppel alone, regardless of the consideration in the original undertaking. Beatty v. West. Coll., 177 Ill. 280.

It was essential, however, that before a recovery could be had the conditions upon which the subscription was made must have been substantially performed, and that the same be due and payable accord-

ing to its terms. The position of appellee is that nothing would become due upon the note unless the Railway Company procured the location of the plant, and not then until the contemplated railway had been built or an honest effort made in that direction. If this be the correct construction of the contract it is manifest that no part of the subscription would become due and collectable until all the requirements or conditions had been literally complied with. The provision that the subscription should be paid in installments would thus be rendered useless and ineffective.

Applying the rule that a contract should, if possible, be so construed as to give all the words used therein force and effect, it seems clear that the contract was severable and that the installments sought to be recovered became due and payable prior to the commencement of the present suit. Had appellee desired to have his entire subscription hinge upon the completion of both the plant and the railroad, he should have so stipulated.

We are further of the opinion that it is immaterial under the circumstances, whether the location of the radiator plant was procured by the railway company or by others. The evident purpose and intention of appellee was to aid in procuring the plant to be located in Litchfield. His wish was gratified, and as has been said, the evidence shows that the necessary cost and expense attending such location, were paid or incurred upon the faith of his and other subscriptions. The conditions upon which the several installments in suit were to become due, were substantially performed, and appellants had a right to enforce payment of the same without awaiting the performance of the final condition.

It is not argued by appellee that if entitled to recover, interest upon the past due installments, and a reasonable attorney's fee, should not properly be included in the judgment.

The propositions of law submitted by appellants and

refused, correctly stated the law applicable to the facts disclosed by the evidence, and the court erred in refusing to hold the same.

The judgment must, therefore, be reversed and the cause remanded.

*Reversed and remanded.*