# CASES

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEARS 1924 AND 1925

George Scheidecker, Personally and as Administrator of the Estate of Sarah A. Scheidecker, Deceased, et al., Appellants, v. The Reorganized Church of Jesus Christ of Latter Day Saints, Appellee.

## Gen. No. 7,369.

1. ACCOUNTING SUITS—*sufficiency of proof of ownership of fund for which accounting sought.* In a suit by plaintiffs as sole heirs of their deceased sister for an accounting for money loaned by such sister to defendant church and embraced in an agreement by which such money became the absolute property of the church, subject only to payments equivalent to interest and to repayment of part or all of the fund if needed for the support of deceased, where it appeared that the money, though principally if not entirely derived from the sale of property belonging to the mother of plaintiffs, was all loaned during the lifetime of the mother and could have been a gift from the mother to the daughter and that no demand was ever made by plaintiffs upon any one for the money or any part of it, there was nothing to sustain a finding that it belonged to plaintiffs or that it did not belong to the deceased sister when the agreement in question was made.

2. GIFTS—*sufficiency of delivery of subject-matter.* Delivery of the fund constituting the subject-matter of a gift thereof is effected

(374)

by a written agreement that the donor "has this day given and transferred" the fund to the donee, where the fund had previously been loaned to the donee by the donor, notes being taken in evidence thereof, which were, at the time of the gift, canceled by the donor and by her surrendered to the donee.

3. GIFTS—*provision for annuity or repayment for support of donor as defeating gift.* Where money was loaned to a church and notes taken therefor and later an agreement was made by which it was provided that the owner "has this day given and transferred" to the church said fund, and the notes were canceled and surrendered, the transaction constituted a gift which was not altered or defeated by the fact that it was further provided that a sum equivalent to 6 per cent interest was to be paid annually to the donor or that upon thirty days' written notice the church would pay to her such sum as might be necessary for her use and comfort not exceeding the amount of the principal sum.

Appeal by plaintiffs from the Circuit Court of DeKalb county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the April term, 1924. Affirmed. Opinion filed October 4, 1924. Rehearing denied February 7, 1925.

H. W. McEWEN and PERRY McCOLLOUGH, for appellants; A. G. KENNEDY, of counsel.

FAISSLER & SMITH, for appellee.

MR. PRESIDING JUSTICE JETT delivered the opinion of the court.

Appellants, the sole heirs of their deceased sister, Sarah A. Scheidecker, filed their bill of complaint against appellee, praying for an accounting and a money decree or such sum as might upon an accounting be found to be due them. An answer was filed and a hearing had before the chancellor and a decree was rendered finding the money in question to have been the sole property of said deceased and that in pursuance of the terms of an agreement entered into by deceased and appellee said money became the property of appellee upon the death of said Sarah A. Scheidecker. From that decree the complainants appealed.

The evidence discloses that appellants together with their sister, the said Sarah A. Scheidecker, deceased, were the children and only heirs at law of George and Delia Scheidecker. George Scheidecker died intestate September 12, 1899, leaving an estate sufficient only to pay his funeral expenses, the expenses of his last illness and his widow's award. His daughter Sarah never married but lived at home and after her father's death lived with her mother until the death of the mother who died intestate in July, 1917. Since then and until her death in September, 1919, Sarah lived in Sandwich, Illinois, occupying the home where she and her mother had lived for several years. The mother and daughter were members of and each during their respective lives made contributions to appellee church. In 1902 the mother sold the home farm, to which she had title, and received therefor $16,800. In payment of this farm she received a note for $11,000, secured by a mortgage upon the farm and the balance in cash with which she discharged a prior mortgage of $3,000 and interest thereon.

The record further discloses that in 1906 Sarah loaned appellee $1,400, taking appellee's note therefor; that subsequently and from time to time other loans were made by her and notes taken. Sometimes when these notes became due she received the interest thereon and at other times she did not take the interest but added the interest to the principal sum, thereby increasing the obligation of the church to her. In 1911 the mother released the mortgage on the farm which she had sold in 1902 and it was at this time appellee received $7,000, and in return executed its two notes therefor, one for $2,000, payable to the mother and one for $5,000, payable to Sarah. On October 16, 1917, Sarah held notes of appellee aggregating $9,094.46, and on that date the following agreement was entered into, viz.:

"Article of Agreement.

"Made and entered into this 16th day of October, 1917, by and between Sarah A. Scheidecker of Sandwich, Illinois, party of the first part, and Benjamin R. McGuire, Trustee for the Reorganized Church of Jesus Christ of Latter Day Saints, party of the second part, Witnesseth:

"The said party of the first part has this day given and transferred to the party of the second part the sum of Nine Thousand and Ninety-four Dollars and Forty-six cents ($9,094.46) as a consecration for the use and benefit of the Reorganized Church of Jesus Christ of Latter Day Saints, in accordance with the laws and regulations of said Church, for the good of the same, the extending of the gospel work and for the benefit of the poor and needy as directed in the gospel of Christ.

"The said party of the second part in consideration of the consecration herein before set forth, covenants and agrees that, during the lifetime of the said party of the first part, the said party of the second part, upon thirty days' written notice, shall pay to said party of the first part the sum of One Thousand Dollars, or such sum as may be necessary for her use and comfort, not exceeding Nine Thousand and Ninety-four Dollars and Forty-six cents ($9,094.46), in which event the semi-annual payment of Two Hundred Seventy-two Dollars and Eighty-three cents ($272.83) referred to herein, shall be reduced in proportion to the amount of any additional payments.

"Upon the decease of said party of the first part herein, the payments of the amounts herein referred to shall terminate and all obligations of the party of the second part hereunder shall cease, and this contract becomes null and void."

The sum mentioned in this agreement included the $5,000 and the various other sums which appellee had received from Sarah and upon the execution of said agreement Sarah canceled and sent to appellee its several notes which she at that time held. Sarah had no fixed income and it is apparent that a large

portion of the $9,094.46 was derived from the proceeds of the sale of the farm which belonged to the mother.

It is first insisted that this $9,094.46 was not the sole property of Sarah, but belonged to the mother; that not owning this fund and having no title to it she could not dispose of it. Conceding that it did arise from the sale of land belonging to the mother it was the subject of gift and if the mother desired Sarah to have it she had a perfect right to give it to her. The evidence disclosed Sarah handled this fund as her own separate property and the transactions of Sarah and appellee covered a period of thirteen years. All the money which went to make up this fund of $9,094.46 was loaned appellee prior to the death of the mother and no demand was ever made by appellants upon any one for this money or any part of it. There is nothing in this record which would sustain a finding that this money belonged to appellants and we do not think there is any merit in appellants' contention that this fund did not belong to their sister Sarah at the time the agreement of October 16, 1917, was entered into.

It is next insisted that there was no sufficient delivery of the fund mentioned in the agreement to constitute a gift. The language of the agreement is that Sarah A. Scheidecker "has this day given and transferred" to appellee said fund. This language evidenced that the absolute title to said fund had been transferred to appellee. The notes of appellee which Sarah A. Scheidecker held at the time the agreement was made were by her canceled and surrendered. The only possible construction of this agreement is that by it an absolute transfer of this fund was made to appellee. The agreement does provide, however, that upon thirty days' written notice appellee shall pay to Sarah "the sum of One Thousand Dollars, or such sum as may be necessary for her use and comfort"

not exceeding the principal sum and further provides for the payment semiannually of $272.83, and it is insisted that these provisions are incompatible with the idea of an absolute gift.

The mere fact that appellee agreed to repay the donor a part or all of the fund in case her comfort or support demanded does not alter the character of the gift. We do not believe the fact that she could have recovered a part or even all of the principal sum during her lifetime in any way defeats the title of appellee to the fund, nor is appellee's title in any way affected by the provision to pay semiannually a stated sum equivalent to 6 per cent per annum upon the principal fund. An absolute gift of personal property is not defeated by the fact that the donor reserves or the donee agrees to pay the donor the interest, income or revenue derived from the fund during the life of the donor. 12 R. C. L. 950. *Beatty's Estate v. Western College of Toledo,* 177 Ill. 280.

For the foregoing reasons the decree of the circuit court is affirmed.

*Decree affirmed.*